37 F.3d 1506
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Michael SHEEHAN, Plaintiff-Appellant,
v.
UNITED ASSOCIATION OF JOURNEYMAN & APPRENTICES OF the
PLUMBING & PIPEFITTING INDUSTRIES OF the UNITED
STATES & CANADA, AFL-CIO, LOCAL 290, Defendant,
and
Trustees of United Association Local Union 290 Plumber,
Steamfitter, & Shipfitter Industry Pension Plan &
Trust; Bill Wiese; Frank Quinn; et
al., Defendants-Appellees.
 No. 93-35070.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 16, 1994.
Decided Sept. 21, 1994.
 
 1
 Before: THOMPSON and LEAVY, Circuit Judges, and TASHIMA, District Judge.*
 
 
 2
 MEMORANDUM**
 
 OVERVIEW
 
 3
 Michael Sheehan appeals the district court's judgment adopting the magistrate judge's findings and recommendation to grant summary judgment in favor of the Board of Trustees for the United Association Union Local No. 290, Plumber, Steamfitter and Shipfitter Industry Pension Plan and Trust (Pension Trust). We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 STANDARD OF REVIEW
 
 4
 We review a grant of summary judgment de novo. Greany v. Western Farm Bureau Life Insurance Co., 973 F.2d 812, 816 (9th Cir.1992) (citing Felton v. Unisource Corp., 940 F.2d 503, 508 (9th Cir.1991)). "We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." Id. (citing Tzung v. State Farm Fire and Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989)).
 
 
 5
 Section 12.4 of the Trust Agreement gives the trustees discretionary authority to interpret and construe the provisions of the plan and determine eligibility for benefits. When a benefit plan gives the fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan, we review a challenge to a denial of benefits for an abuse of discretion. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 111 (1989); Eley v. Boeing Co., 95 F.2d 276, 278 (9th Cir.1991).
 
 DISCUSSION
 
 6
 The Pension Trust provides that in order to receive a disability pension a claimant must be unable "to engage in gainful employment within the jurisdiction of the plumbing and pipefitting industry." The Trust Agreement does not specify the work that is within the plumbing and pipefitting industry.
 
 
 7
 The phrase "within the jurisdiction of the plumbing and pipefitting industry" is ambiguous. "[A]ny reasonable resolution by the trustees of an ambiguity in the plan must be upheld." Atkinson v. Sheet Metal Workers' Trust Funds, 833 F.2d 864, 865 (9th Cir.1987) (citing Smith v. CMTA-IAM Trust, 654 F.2d 650, 655 (9th Cir.1981)). When language in a pension plan is susceptible to more than one reasonable interpretation, we may not substitute our judgment for that of the trustees. Smith v. CMTA-IAM Pension Trust, 654 F.2d 650, 655 (9th Cir.1981) (citing Gordon v. ILWU-PMA Benefit Funds, 616 F.2d 433, 437-38 (9th Cir.1980)).
 
 
 8
 In making their decision, the trustees thought it notable that the Union represents plumbing inspectors in collective bargaining under at least two of the Union's contracts and that the international union had organized plumbing inspectors as a bargaining unit. The trustees did not interpret the phrase "plumbing and pipefitting industry" to be limited to individuals who work with tools commonly associated with plumbers and pipefitters.
 
 
 9
 These were factors the trustees could take into consideration as they struggled to determine whether the work of a plumbing inspector was within the jurisdiction of the plumbing and pipefitting industry. Their task was to interpret an ambiguous phrase in the Trust Agreement. If their interpretation was reasonable, we must uphold it. Atkinson, 833 F.2d at 865.
 
 
 10
 Sheehan argues the trustees' interpretation was unreasonable because in denying Sheehan disability benefits, they interpreted the trust language inconsistently with how they had interpreted it in awarding benefits to Jonathan Gray, Edmond Franeke and Harold Garnett.
 
 
 11
 We reject this argument. The circumstances of the three previous applicants are distinguishable from Sheehan. Like Sheehan, Garnett is a plumbing inspector. However, Garnett applied for an early retirement pension, not a disability pension. The trustees point out there are different policy considerations underlying the two types of pensions. They also point out that in 1987 when they made their decision in Garnett's case, the Pension Trust had a liberal suspension policy for retirees who returned to work in the plumbing and pipefitting industry. In 1988, however, the language of the Trust Agreement was changed and a strict construction policy was adopted for prospective applicants. This sufficiently explains the trustees' change of policy in interpreting the phrase "plumbing and pipefitting industry" differently in Sheehan's case from how they interpreted it in Garnett's case.
 
 
 12
 The circumstances in Gray's case are also distinguishable from Sheehan's. Gray was a mechanical engineering technician, not a plumbing inspector. Mechanical engineering technicians test experimental machines, record data, make computations, create plots, draw graphs and write reports. Sheehan does not design systems. Instead, Sheehan inspects plumbing facilities, reviews blue prints and issues plumbing permits. In addition, it appears the Union represents plumbing inspectors for purposes of collective bargaining but does not represent mechanical engineering technicians.
 
 
 13
 Like Gray, Franeke is not a plumbing inspector. He is a boiler room supervisor. Franeke and Sheehan have very different job duties. In addition, the Union does not represent boiler room supervisors for purposes of collective bargaining. Finally, Franeke did not seek a disability pension, but instead sought and received early retirement benefits.
 
 
 14
 Because the circumstances are different, we cannot say it was unreasonable for the trustees to interpret the phrase "plumbing and pipefitting industry" to grant benefits to Garnett, Gray and Franeke, and deny benefits to Sheehan. Sheehan contends, however, that the trustees' interpretation of the term "industry" conflicts with 29 C.F.R. 2530.203-3(c)(ii). This Labor Department regulation provides: "The term 'industry' means the business activities of the types engaged in by any employers maintaining the plan." Sheehan's argument is that because no employer of plumbing inspectors contributes to the Pension Trust, plumbing inspectors do not "maintain" the Pension Trust and they are not "within" the Pension Trust. However, the regulation applies to suspension of a retiree's pension, not suspension of benefits under a disability pension, and is therefore not applicable to this case.
 
 
 15
 We conclude that the trustees did not abuse their discretion in denying disability benefits to Sheehan. The facts are not in dispute, and the district court did not err in granting the trustees' motion for summary judgment.
 
 
 16
 AFFIRMED.
 
 
 
 *
 Hon. A. Wallace Tashima, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3