WILMA WILSON, Petitioner-Appellee, *v.* BOARD OF EDUCATION OF LIMESTONE-WALTERS SCHOOL DISTRICT NO. 316, PEORIA COUNTY, Respondent-Appellant.

Third District   No. 3—84—0160

Opinion filed August 31, 1984.

Walter W. Winget, of Winget & Kane, of Peoria, for appellant.

Drach & Defenbaugh, P.C., of Springfield, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

The plaintiff, Wilma Wilson, is a teacher in the Limestone-Walters school district in Peoria County. She started as a full-time teacher in 1967 and later entered into contractual continued service commonly referred to as tenure. In 1974, the plaintiff agreed to accept a four-day-per-week part-time teaching position due to health problems.

The plaintiff continued as a part-time teacher for nine years, through the 1982-83 school year. In 1983, the plaintiff was informed that due to financial shortfalls, she would receive an honorable reduction in assignment from four days per week to two days per week. The plaintiff demanded a full-time position for the 1983-84 school term, but the board of education denied her request.

On June 21, 1983, plaintiff filed suit against the school board

seeking damages and a writ of *mandamus* directing that she be made a full-time teacher. The trial court ordered that the plaintiff be reinstated to a full-time position and awarded damages based on the difference between a full- and part-time salary for the 1983-84 school year. The board of education appeals.

■ The plaintiff's suit is based on section 24—12 of the School Code (Ill. Rev. Stat. 1981, ch. 122, par. 24—12), which governs the removal or dismissal of teachers in contractual continued service. The board argues that the plaintiff has no standing to sue under this section because she was not removed or dismissed. This question has been settled in *Caviness v. Board of Education* (1978), 59 Ill. App. 3d 28, and *Birk v. Board of Education* (1983), 120 Ill. App. 3d 181. In both cases it was held that the terms "removed" and "dismissed" encompassed any reduction in the extent of a teacher's employment. If this were not the case, a board could "nibble away and reduce one's employment until economic necessity forced the tenured teacher to resign." (*Caviness v. Board of Education* (1978), 59 Ill. App. 3d 28, 31.) We agree with this rule. A reduction in employment may be tantamount to dismissal or removal. If the rule were otherwise, the provisions of section 24—12 could be easily circumvented by unscrupulous school district officials. Accordingly, section 24—12 is applicable to the plaintiff.

■ Next, the board argues that by voluntarily accepting part-time teaching for nine years, the plaintiff lost her tenure rights under section 24—12. This argument is contrary to the law in Illinois. Appellate and supreme court decisions have clearly established that tenure is not lost by part-time teaching. *Johnson v. Board of Education* (1981), 85 Ill. 2d 338, 347; *Brown v. Board of Education* (1976), 38 Ill. App. 3d 403, 408.

■ The board's next argument is that the plaintiff's claim is barred by the statute of limitations, *laches*, waiver and equitable estoppel.

Both parties agree that the general five-year limitations period applies to this case. (Ill. Rev. Stat. 1983, ch. 110, par. 13—205.) However, the parties disagree over when the plaintiff's cause of action accrued. The board argues that the claim accrued when the plaintiff first started teaching part time in 1974. We disagree.

A cause of action accrues when a plaintiff knows or should have known that she was injured. Here, the plaintiff agreed to accept a part-time assignment in 1974 and was not denied her rights as a tenured teacher until 1983, when the board rejected her request for reinstatement pursuant to section 24—12. (*Burris v. School Board Dis-*

*trict 189* (1979), 70 Ill. App. 3d 572, 576.) Therefore, this action was filed less than one year from the time when the statute of limitations started to run.

■ Similarly, the equitable defense of *laches* is not applicable because the plaintiff had no right to seek a writ of *mandamus* until her rights were denied in 1983. The plaintiff filed suit immediately after her demand for full-time employment was denied. Therefore, there was no undue delay to support a claim of *laches*.

■ Waiver requires a voluntary relinquishment of a known right. The record shows only that the plaintiff voluntarily accepted a reduction from full- to part-time employment. There is no evidence that the plaintiff intended to relinquish tenure. In fact, the record shows that in response to her inquiry, the plaintiff was specifically reassured by her superior that she retained tenure and seniority while teaching part time. Therefore, the board's waiver argument must fail.

■ Equitable estoppel is defined as:

"[T]he effect of the voluntary conduct of a party whereby he is absolutely precluded, both at law and in chancery, from asserting rights which might otherwise have existed as against another person who has, in good faith, relied upon such conduct and has been led thereby to change his position for the worse, and who on his part acquires some corresponding right." 18 Ill. L. & Prac. *Estoppel* sec. 22 (1956).

There is no evidence in the present case that the plaintiff said or did anything which informed the board that she had no intention of ever asserting her rights as a tenured teacher by demanding a full-time position. As previously mentioned, the record shows that the plaintiff expressed her concern over retention of tenure and seniority. Thus, there was no voluntary conduct which now precludes the plaintiff from pursuing her rights.

■ The board argues that courts should not reverse the personnel decisions of a school board unless such decisions are political, partisan, capricious or motivated by evil intent. A teacher's rights under section 24—12 are not conditioned upon whether the school board acted in good faith or not. The legislature has declared that removal of a teacher or reduction of her employment must be done in accord with section 24—12. Regardless of the board's motive in reassigning the plaintiff, it had no discretion to deny the plaintiff's statutory rights. When called upon to enforce these rights, courts cannot rewrite the statute and ignore the intent of the legislature by imposing conditions which will nullify the protection of section 24—12.

The board's final argument is that the plaintiff failed to join as in-

dispensable and necessary parties those less senior teachers who were hired while the plaintiff worked part time. The least senior of these teachers would allegedly receive a reduced assignment if the plaintiff is reinstated as a full-time teacher.

An indispensable party is one whose presence is so essential to the decision of a case that a final decree cannot be entered without materially affecting his interest. (*Pliske v. Yuskis* (1980), 83 Ill. App. 3d 89.) The less senior teachers are not indispensable parties because their employment is governed by separate contracts with the school board. Their rights are not dependent upon the outcome of this case. (See *Betebenner v. Board of Education* (1949), 336 Ill. App. 448.) Accordingly, there was no failure to join indispensable parties.

The judgment of the circuit court of Peoria County is affirmed.

Affirmed.

SCOTT and STOUDER, JJ., concur.