SCOTT J. NEIKIRK, Plaintiff-Appellant, v. CENTRAL ILLINOIS LIGHT COMPANY, Defendant-Appellee.

Third District No. 3—84—0010

Opinion filed November 28, 1984.

Tim Swain, of Swain, Johnson & Gard, of Peoria, for appellant.

Franklin L. Renner, of O'Hern, Wombacher, Moon & Renner, of Peoria, for appellee.

JUSTICE BARRY delivered the opinion of the court:

On January 10, 1981, 25-year-old Scott J. Neikirk collided with a utility pole at the head of a "T" intersection in rural Tazewell County while riding a snowmobile, and he was thrown off his snowmobile onto another utility pole lying on the ground. Both poles were owned by Central Illinois Light Company (CILCO). Neikirk suffered a spinal fracture which has resulted in permanent paralysis from the mid-back down.

On October 4, 1983, some two years and 10 months after the accident, Neikirk filed a suit against CILCO seeking to recover $3,000,000 damages for his personal injuries. In counts I and II of the complaint, plaintiff Neikirk alleged that defendant CILCO violated regulations of the Illinois Commerce Commission in permitting an un-

lighted utility pole to be placed at the head of the "T" intersection, in failing to remove an abandoned utility pole from the ground, and in failing to comply with certain safety rules concerning installation and maintenance of electric and communication lines. Plaintiff asked for judgment pursuant to section 73 of the Illinois Public Utility Act (Ill. Rev. Stat 1983, ch. 111²/₃, par. 77), which imposes liability for civil damages against public utilities for violation of any rules or regulations of the Illinois Commerce Commission. In addition to the counts seeking to recover for plaintiff's personal injuries, plaintiff later amended his complaint by adding count III seeking $1,650 for property damage to his snowmobile, helmet and clothing; plaintiff also added two additional counts—one grounded in negligence and the other in product liability.

Defendant filed a motion for involuntary dismissal of all counts, and after a hearing, the trial court ruled that counts I, II, IV and V are barred by the two-year statute of limitations for personal injury actions (Ill. Rev. Stat. 1983, ch. 110, par. 13—202). After dismissing those counts with prejudice, the court found, pursuant to Supreme Court Rule 304 (87 Ill. 2d R. 304), that there is no just reason for delaying appeal, and plaintiff then perfected this appeal.

Plaintiff's primary contention on appeal is that his cause of action asserted is a statutory action which is governed by the five-year limitation period of section 13—205 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—205), rather than the two-year limitation under section 13—202. Section 13—202 provides:

> "Actions for damages for an injury to the person, or for false imprisonment, or malicious prosecution, or for a statutory penalty, or for abduction, or for seduction, or for criminal conversation, except damages resulting from murder or the commission of a Class X felony and the perpetrator thereof is convicted of such crime, shall be commenced with 2 years next after the cause of action accrued."

The section which plaintiff urges should apply is as follows:

> "Par. 13—205. Except as provided in Section 2—725 of the 'Uniform Commercial Code' ***, and Section 11—13 of 'The Illinois Public Aid Code' ***, actions on unwritten contracts, expressed or implied, or on awards of arbitration, or to recover damages for an injury done to property, real or personal, or to recover the possession of personal property, or damages for the detention or conversion thereof, and *all civil actions not otherwise provided for*, shall be commenced within 5 years next after the cause of action accrued." (Emphasis added.)

 Plaintiff argues that his complaint alleges the type of statutory cause of action that was intended by the phrase "all civil actions not otherwise provided for" in section 13—205 and, therefore, that the catch-all five-year limitation applies to this action. Plaintiff relies upon such cases as *Blakeslee's Storage Warehouses, Inc. v. City of Chicago* (1938), 369 Ill. 480, 17 N.E.2d 1, and *People ex rel. Powles v. County of Alexander* (1941), 310 Ill. App. 602, 35 N.E.2d 92, which held that an action to enforce liability resulting from a statute is "a civil action not otherwise provided for" within the meaning of the statute of limitation. However, these cases, and the other Illinois cases cited by plaintiff, are not cases where a plaintiff is suing for direct personal injuries, as is the case here. Contrariwise, the applicability of the two-year limitation is determined by the nature of the injury resulting to the plaintiff, and not the form of the action. (*Hundt v. Burhans* (1973), 13 Ill. App. 3d 415, 300 N.E.2d 318; *Doerr v. Villate* (1966), 74 Ill. App. 2d 332, 220 N.E.2d 767.) The fact that the alleged cause of action was statutory in origin does not remove plaintiff's personal injury claim from the purview of section 13—202, and thus, the civil action here is provided for by a specific limitation provision.

██ This rule was reiterated by the Illinois Supreme Court in *Mitchell v. White Motor Co.* (1974), 58 Ill. 2d 159, 317 N.E.2d 505, where the five-year limitation now contained in section 13—205 was held applicable to an action for loss of consortium, rather than the two-year limitation of section 13—202, because the loss of consortium action is a consequential-damages action and does not involve direct physical injury to the plaintiff as is necessary to invoke the two-year limitation. Applying the rule of *Mitchell* and earlier Illinois cases, we hold that the two-year limitation does apply to bar plaintiff's action to recover for the personal injuries he suffered.

Plaintiff also argues that justice and logic are somehow violated by a rule that bars his personal injury action but which does not bar his property damage claim arising out of the same accident. He urges this court to apply the principle of relation back to permit the same five-year limitation period for the personal injury claim as would govern the property damage claim, and he cites cases which have permitted amended pleadings to be filed after the limitation period has expired. We are persuaded that the legislature and courts of Illinois have long recognized the value of a shorter period of limitation for personal injury claims than for property damage claims, and we decline to depart from the well-established law of Illinois. Also, since two of the personal injury counts were filed first, there can hardly be

a question of "relation back" in this instance.

Finally, plaintiff argues that he has been deprived of his constitutional rights to equal protection of law and due process because he was not given reasonably adequate notice of the period of limitation in which he could bring an action. Defendant points out that plaintiff did not raise these constitutional issues in the trial court and cannot raise them for the first time on appeal. We agree. We are also compelled to note that, in any event, we would not disturb the legislative determination that two years is a reasonable limitation for personal injury actions. That statutory provision serves the principles of fairness, the rights of investigation, and the opportunity to avoid stale or fraudulent claims. Further, we know of no precedent for plaintiff's novel theory that every injured person should be given notice of whatever limitation periods may apply to any cause of action he might have. The creation of any such right to notice of limitations will have to originate in the halls of the State legislature, not from this court.

We conclude that the circuit court of Tazewell County ruled correctly in dismissing the personal injury counts of plaintiff's complaint. We affirm the order of dismissal.

Affirmed.

HEIPLE and STOUDER, JJ., concur.