**Radisko S. GLADICH, Plaintiff,**

v.

**NAVISTAR INTERNATIONAL TRANSPORTATION CORP., Defendant.**

No. 86 C 4855.

United States District Court, N.D. Illinois, E.D.

Jan. 18, 1989.

Peter Andjelkovich, Robert S. Bell, Jr., Peter Andjelkovich and Associates, Chicago, Ill., for plaintiff.

Mark Casciari, Charles F. Martel, Michael A. Warner, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for defendant.

MEMORANDUM OPINION
AND ORDER

ROVNER, District Judge.

## I. INTRODUCTION

Plaintiff alleges that defendant discharged him, after fifteen years of employment as a senior engineer, for the purpose of preventing him from, and interfering with, the attainment of rights under various employee benefit plans in which he was a participant, in violation of Section 510 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1140.  The case is currently before the Court on defendant's objection to Magistrate Bernard Weisberg's report and recommendation that the Court deny defendant's motion to dismiss on the basis of the statute of limitations.  For the reasons described below, the Court agrees with the Magistrate that defendant's motion must be denied.

The question presented by defendant's motion is the applicable statute of limitations for actions brought pursuant to 29 U.S.C. § 1132[1] to redress violations of Section 510 of ERISA.  Section 510 provides:

---

1.  29 U.S.C. § 1132(a) provides, in part, that "(a)  civil action may be brought ... (3) by a partici-

It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan, this subchapter, section 1201 of this title, or the Welfare and Pension Plans Disclosure Act (29 U.S.C. § 301 et seq.), or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, this subchapter, or the Welfare and Pension Plans Disclosure Act. It shall be unlawful for any person to discharge, fine, suspend, expel, or discriminate against any person because he has given information or has testified or is about to testify in any inquiry or proceeding relating to this chapter or the Welfare and Pension Plans Disclosure Act. The provisions of section 1132 of this title shall be applicable in the enforcement of this section.

Although Congress provided statutes of limitations for other types of ERISA actions,[2] it has not provided a limitations period for actions brought pursuant to 29 U.S.C. § 1132.

■ With regard to such a statute, where no express limitations period is specified, the Court must determine what limitations period applies. It does so by determining first, whether the same limitations period should apply to all claims arising under the federal statute; second, whether to look to federal or state law for an appropriate analogous statute of limitations; and third, which statute of limitations from the appropriate body of law provides the closest analogy to the cause of action at issue. *See Agency Holding Corp. v. Malley–Duff*

& *Associates,* 483 U.S. 143, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987).

The Court initially finds that all types of claims brought pursuant to Section 510 should be governed by the same statute of limitations. Section 510 does not encompass a wide variety of causes of action, so resolution of this first issue probably will not have much effect on the determination of the limitations period in particular cases. Nonetheless, in light of the fact that causes of action arising under Section 510 will all be similar, there is no apparent reason to apply a different statute of limitations depending on the manner in which the specific cause of action is framed.[3]

Second, the Court finds that state, rather than federal, law should be examined to locate an appropriate limitations period. Instances where federal law supplies an analogous limitations period are limited exceptions. *Agency Holding,* 107 S.Ct. at 2762–63. Section 510 is not such an exception, and state law supplies the appropriate limitations period. *Jenkins v. Local 705 International Brotherhood of Teamsters Pension Plan,* 713 F.2d 247, 251 (7th Cir. 1983).

■ The third question—the appropriate statute of limitations to be supplied from Illinois law[4]—is the question over which the parties disagree. Defendant contends that the applicable statute is Ill.Rev.Stat. ch. 110, § 13–202, which provides a two-year limitations period for "[a]ctions for damages for an *injury to the person,* or for false imprisonment, or malicious prosecution, or for a statutory penalty, or for abduction, or for seduction, or for criminal conversation...." (Emphasis added.) Plaintiff contends that the applicable statute is Ill.Rev.Stat. ch. 110, § 13–205, which

pant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."

2. *See* 29 U.S.C. §§ 1113, 1303(e)(6), 1368(d)(2), 1451(f).

3. It is also possible that all claims brought pursuant to 29 U.S.C. § 1132 (including those aris-

ing under Section 510) should be governed by the same limitations period. However, the Court sees no need to reach that issue at this point.

4. According to the complaint, plaintiff resides in Illinois, defendant has offices in Illinois, and the employee benefit plans were administered in Illinois. The parties agree that Illinois law provides the applicable statute of limitations.

provides a five-year limitations period for, *inter alia,* "all civil actions not otherwise provided for."

In order to determine which statute applies, it is necessary to determine what type of injury is redressed by Section 510. *See Niekirk v. Central Illinois Light Co.,* 128 Ill.App.3d 1069, 1072, 84 Ill.Dec. 261, 262–63, 471 N.E.2d 1027, 1028–29 (3d Dist. 1984) ("applicability of the two-year limitation is determined by the nature of the injury resulting to the plaintiff, and not the form of the action"). Defendant characterizes plaintiff's claim as essentially one for employment discrimination. It is true that Section 510 forbids "discrimination" on the basis of exercise of rights guaranteed by ERISA, and that plaintiff's complaint could be construed as an allegation of discrimination for the exercise of such rights. Defendant's emphasis on this discrimination aspect of the claim, however, is excessive. Section 510 makes it unlawful to "discharge, fine, suspend, expel, discipline, *or* discriminate against" an employee for certain reasons. (Emphasis added.) It uses the term "discriminate" as a type of action distinct from a discharge. "Discrimination," therefore, probably refers not to a discharge or fine, for example, but to other ways in which an employer treats an employee differently based on that employee's exercise of ERISA rights. Furthermore, the central concern of Section 510 is the protection of the employment relationship and the regulation of employee benefit plans rather than a remedy for discrimination. *See generally West v. Butler,* 621 F.2d 240, 245 (6th Cir.1980) (Section 510 was designed "primarily to protect the employment relationship that gives rise to an individual's pension rights"). The Court finds, therefore, that the nature of the injury redressed by actions brought pursu-

ant to Section 510 is essentially an employment injury rather than a discrimination injury.

Defendant argues that application of the two-year statute is mandated by *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), and *Goodman v. Lukens Steel Co.,* 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987). *Wilson* held that the state limitations period for personal injury claims applies to all actions brought pursuant to 42 U.S.C. § 1983. *Goodman* similarly held that the state limitations period for personal injury claims applies to all actions brought pursuant to 42 U.S.C. § 1981. Defendant argues that *Goodman* characterized discrimination claims as personal injury claims, and that plaintiff's employment discrimination claim should therefore be considered a personal injury claim. The Court's focus in *Goodman,* however, was specifically on the type of injury suffered by victims of racial discrimination. *Cf. Wolgel v. Mexicana Airlines,* 821 F.2d 442, 446 (7th Cir.1987) (*Wilson* does not mandate use of two-year statute for claims arising under § 404(b) of the Federal Aviation Act despite § 404(b)'s prohibition of discrimination, because § 404(b) concerns discrimination in a broader sense than personal injury), *cert. denied,* —— U.S. ——, 108 S.Ct. 291, 98 L.Ed.2d 251 (1987). Adverse employment actions taken because of an employee's exercise of ERISA rights present a situation distinct from racial discrimination. *Wilson* and *Goodman,* therefore, do not answer the question of which statute of limitations must be applied to plaintiff's claim based on Section 510.[5] *Cf. Gavalik v. Continental Can Co.,* 812 F.2d 834, 843–45 (3d Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 495, 98 L.Ed.2d 492 (1987).[6]

---

**5.** Even if *Goodman* and *Wilson* did control in this context, they would not necessarily mandate application of the Illinois two-year limitations statute. The Illinois statute is unusual in its focus on a direct physical injury to the plaintiff. (See text immediately following.) It has thus been held that even actions brought pursuant to 42 U.S.C. § 1983 are governed by the Illinois five-year statute because the concept of "personal injury" in Illinois is narrower than it is in other states. *See Johnson v. Arnos,* 624

F.Supp. 1067 (N.D.Ill.1985) (Moran, J.); *Shorters v. City of Chicago,* 617 F.Supp. 661 (N.D.Ill. 1985) (Shadur, J.). *Contra, Wegrzyn v. Illinois Dept. of Children & Family Services,* 627 F.Supp. 636 (C.D.Ill.1986) (Mihm, J.).

**6.** *Gavalik* rejected the argument that *Wilson* mandated application of a two-year personal injury statute of limitations to Section 510 claims. It held that Section 510 claims were governed by Pennsylvania's six-year statute of

The Court thus looks to the Illinois limitations statutes, and the judicial interpretations of those statutes, to determine which statute applies where a plaintiff alleges the injury of an adverse employment action similar to that alleged by a plaintiff bringing a Section 510 claim. An examination of the application of the two-year statute makes it clear that the statute is applied narrowly and does not extend to such injuries. In *Mitchell v. White Motor Co.*, 58 Ill.2d 159, 317 N.E.2d 505 (1974), the Illinois Supreme Court held that the five-year statute, rather than the two-year statute, applies to an action for loss of consortium. The court rejected the argument that an action for loss of consortium should be governed by the same limitations period which applies to a cause of action asserted by the spouse who suffered the direct injuries, and it rejected the argument that the plaintiff's loss of consortium should be characterized as an injury to her person. 58 Ill.2d at 160–61, 317 N.E.2d at 506. The court held that the two-year statute applies only to a "direct physical injury to the person of the plaintiff," which it also characterized as a "bodily injury." *Id.* at 161–62, 317 N.E.2d at 506–07. *See also Johnson v. Arnos*, 624 F.Supp. 1067 (N.D.Ill. 1985) (Moran, J.) (two-year statute limited to direct physical injury); *Shorters v. City of Chicago*, 617 F.Supp. 661 (N.D.Ill.1985) (Shadur, J.) (same); *Neikirk v. Central Illinois Light Co.*, 128 Ill.App.3d 1069, 1072, 84 Ill.Dec. 261, 263, 471 N.E.2d 1027, 1029 (3d Dist.1984) (same). It is also clear that the two-year statute does not apply to such torts as fraud, deceit and tortious misrepresentation—torts which give rise to personal injury in a broad sense but not in the narrow sense of a direct physical injury. *See Chicago Park District v. Kenroy, Inc.*, 78 Ill.2d 555, 560–61, 37 Ill.Dec. 291, 294, 402 N.E.2d 181, 184 (1980); *Rozny v. Marnul*, 43 Ill.2d 54, 69, 250 N.E.2d 656, 664 (1969).

Because a claim arising under Section 510 is an action based on an economic injury rather than direct physical injury to the plaintiff's person, it is not within the scope of the two-year limitations statute. Furthermore, a claim for retaliatory discharge—the state law claim which perhaps is most directly analogous to a claim pursuant to Section 510—is governed by the residual five-year limitations period. *Henon v. Lever Brothers Co.*, 114 Ill.App.3d 608, 611, 70 Ill.Dec. 322, 324, 449 N.E.2d 196, 198 (1st Dist.1983). *Cf. Wilson v. Bd. of Educ. of Limestone–Walters*, 127 Ill.App.3d 433, 436, 82 Ill.Dec. 341, 343, 468 N.E.2d 995, 997 (3d Dist.1984) (undisputed application of five-year statute to teacher tenure dispute).

The Court concludes that plaintiff's claim is governed by the Illinois five-year limitations period of Ill.Rev.Stat. ch. 110, § 13–205. The Court thus accepts the Magistrate's recommendation and holds that plaintiff's complaint is not time-barred. Defendant's motion to dismiss is denied.

limitations, which clearly applies to employment discrimination actions. 812 F.2d at 844.