Don W. FELTON, and Linda Felton, husband and wife, Plaintiffs,

v.

The UNISOURCE CORPORATION, Paper Corporation of America, a Delaware corporation; Alco Standard Corporation, an Ohio corporation, et al., Defendants.

No. CIV–88–1932 PHX WPC.

United States District Court,
D. Arizona.

Jan. 24, 1990.

Cruse, Firetag & Bock, Robert J. Cruse, Keith B. Forsyth, Phoenix, Ariz., for plaintiffs.

Snell & Wilmer, Tibor Nagy, Jr., Phoenix, Ariz., for defendants.

## MEMORANDUM AND ORDER

COPPLE, District Judge.

The Plaintiffs, Don W. and Linda Felton ("Feltons") filed suit against the Defendants alleging breach of contract, wrongful termination and violation of Arizona Revised Statute ("A.R.S."), § 41–1463 (Employment discrimination). Defendants, The Unisource Corporation, Paper Corporation of America and Alco Standard Corporation (collectively referred to as "Unisource") filed a Motion for Summary Judgment arguing that the Plaintiffs' claims are completely preempted under ERISA (29 U.S.C. § 1140). The Defendants also argue that the Plaintiffs' claims were not made within the applicable ERISA statute of limitations and are, therefore, time barred. The parties fully briefed their positions and the matter was deemed submitted. The Court now rules on the Defendants' Motion for Summary Judgment.

### I. *Factual Background*

Plaintiff Don Felton was employed by Unisource until October 1, 1986. (*See* Defendants' Statement of Facts at para. 1). At that time he was terminated and he filed suit in State Court on November 10, 1987. Count One of the Complaint (breach of contract) was dismissed by the Superior Court and the action was removed to the United States District Court. The Plaintiffs then filed a motion to remand the action. This motion was denied.

The Defendants argue that the remaining counts of the Complaint, wrongful termination and violation of State civil rights, are entirely preempted under ERISA. The Defendants also argue that the remaining counts are time barred by the statute of limitations. The Plaintiffs contend that their allegations are not preempted by

ERISA, and to the extent the Complaint sounds in ERISA, the Complaint was timely filed pursuant to the statute of limitations which pertains to the Arizona Civil Rights Act, or the two year statute of limitations for wrongful termination.

## II. *ERISA Preemption*

The Complaint alleges two remaining counts. However, no factual information is provided within the Complaint. The Defendants submitted a portion of Mr. Felton's deposition testimony which details the basis of the Feltons' claims. In that transcript, Don Felton testifies that the allegations of the Complaint result from his belief that Unisource terminated him in order to avoid paying medical benefits. The Plaintiffs argue that the submitted deposition testimony is misleading and inconclusive. However, they do not present any other factual basis for their claims. Based upon the facts presented, it is evident that the Feltons' suit falls within § 502(a)(1)(B) and § 502(a)(3) of ERISA (29 U.S.C. § 1132(a)(1)(B) and (a)(3)). These sections authorize civil actions by a plan participant. *Orozco v. United Airlines, Inc.*, 887 F.2d 949, 952 (9th Cir.1989).

The ERISA remedies and procedure preempt "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title." 29 U.S.C.A. § 1144 (1985). The ERISA section which applies to this action provides as follows:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan, ... or for purposes of interfering with the attainment of any right to which such participant may become entitled under the plan,

this subchapter, or the Welfare and Pension Plans Disclosure Act.

29 U.S.C.A. § 1140 (1985).

A plan participant may bring a civil action to: (1) recover benefits due under the terms of the plan; (2) enforce his rights under the plan; or (3) clarify his rights to future benefits. 29 U.S.C.A. 1132(a)(1)(B) (1985). The Feltons' claims clearly fall within this section.

The ERISA provisions supersede State law, including decisional law, if the State law contains references or is intended to regulate or relate to an employee benefit plan. *Jung v. FMC Corp.*, 755 F.2d 708 (9th Cir.1985). This provision was intended to preempt the broadest possible area of state law. *Francis v. United Technologies Corp.*, 458 F.Supp. 84, 86 (D.C.Cal.1978).

The United States Supreme Court held that Congress' intent must be ascertained in order to determine whether a federal law will preempt a state law. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 95, 103 S.Ct. 2890, 2898, 77 L.Ed.2d 490 (1983). In *Shaw*, the Supreme Court was faced with the issue of preempting New York's Human Rights law following an airline's refusal to pay benefits to pregnant employees. The *Shaw* court held that the comprehensive preemption effect of ERISA did not impair or modify a federal law such that the New York Human Rights law should survive. *Shaw*, 463 U.S. at 106, 103 S.Ct. at 2904. The instant facts are sufficiently analogous to the *Shaw* facts to warrant the same holding.[1]

To decide whether Feltons' State causes of action are preempted by ERISA, the Court must determine whether the state actions affect an employee benefit plan in a tenuous, remote or peripheral manner. If the Court finds such a tenuous connection, the State cause of action shall not be deemed to "relate to" the plan and will not be preempted. *Shaw v. Delta Air Lines,*

---

1. The *Shaw* court did not make a similar finding with regard to the New York Disability Benefits Law. *Shaw*, 463 U.S. at 107–108, 103 S.Ct. at 2905–2906. However, Arizona does not have a statute similar to New York's Disability Benefits Law and the Plaintiffs have made no claims which could be construed as falling under a statute other than the Arizona Civil Rights Act.

Inc., *463 U.S. at 100, n. 21, 103 S.Ct. at 2901, n. 21.*

State laws that regulate the types of benefits, terms of the plans, the reporting and disclosure requirements, calculation of benefits, or those which provide remedies for misconduct resulting from the administration of an employee benefit plan are preempted. *See Shaw, supra* (types of benefits); *Standard Oil Co. v. Agsalud,* 633 F.2d 760 (9th Cir.1980), *aff'd mem.,* 454 U.S. 801, 102 S.Ct. 79, 70 L.Ed.2d 75 (1981) (reporting requirements, type of benefits); *Alessi v. Raybestos–Manhattan, Inc.,* 451 U.S. 504, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981) (computation); *Authier v. Ginsberg,* 757 F.2d 796 (6th Cir.1985) *cert. den.,* 474 U.S. 888, 106 S.Ct. 208, 88 L.Ed.2d 177 (1988) (wrongful discharge claim is preempted).

▮ Neither side has questioned the applicability of ERISA to the employee benefit plan at issue. As discussed below, both the wrongful termination claim and the civil rights violations, to the extent they relate to an employee benefit plan and establish remedies for the discharge of an employee for the exercise of his benefits, relate to a benefit plan. By virtue of ERISA's inclusive provisions, it is evident that the wrongful termination and civil rights violation claims are preempted. It is clear that the substantive portions of ERISA directly address the same function that would be served by claims for wrongful termination and civil rights violations. ERISA provides remedies, as would the State law claims, for violations of the provisions prohibiting an employer from discharging a plan participant or interfering with the exercise of any rights to which he may be entitled under an employee benefit plan. 29 U.S. C.A. § 1140 (1985).

In this case, the Plaintiffs complain that Unisource terminated Mr. Felton in order to avoid paying medical benefits on his behalf. This allegation clearly states a cognizable claim under section 510 of ERISA. *Nixon v. Celotex Corp.,* 693 F.Supp. 547 (W.D.Mich.1988).

ERISA preemption does not depend on the title of the state law, but rather on the conduct to which the law is applied. *Blakeman v. Mead Containers,* 779 F.2d 1146, 1151 (6th Cir.1985). Congress intended that ERISA would "remedy a broad range of problems in the field of employee benefits." *Id.* Under this analysis and the facts of this case, both the wrongful termination and the civil rights violation law are preempted by ERISA. *See Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 45, 107 S.Ct. 1549, 1551, 95 L.Ed.2d 39 (1987) (Congress intended a broad interpretation of the term "relate to"); *Folz v. Marriott Corp.,* 594 F.Supp. 1007, 1013–1015 (W.D.Mo.1984). A State law cause of action relate⁀ ⁀o an employee benefit plan if it has "a ⁀onnection with or reference to such a plan." *Shaw v. Delta,* 463 U.S. at 97, 103 S.Ct. at 2900; *Sorosky v. Burroughs Corp.,* 826 F.2d 794, 799–780 (9th Cir.1987). The Court is compelled to find that both of the Feltons' remaining claims are completely preempted by ERISA.

The Plaintiffs state that their response to the Motion for Summary Judgment does not address the timeliness of the claim for State law violations or wrongful discharge. This argument ignores the import of ERISA preemption. The factual basis for the Plaintiffs claims arise out of a belief that Unisource terminated Don Felton in order to avoid paying medical benefits. This, clearly, creates the factual predicate for claims under ERISA—those claims which "relate to" an employee benefit plan. The State causes of action are subsumed into an ERISA claim and the Court need now only determine whether the Feltons timely made their ERISA claims.

### III. *Statute of Limitations*

The Defendants argue that the Plaintiffs' allegations, which are preempted under ERISA, are also time-barred. The Defendants claim that Arizona's one year statute of limitations for causes of action created by statute bars recovery in this matter. *See Ariz.Rev.Stat.Ann.* § 12–541(3) (1982). Mr. Felton's termination occurred on October 1, 1986 and the instant action was filed on November 10, 1987.

The Plaintiffs argue that § 12–541(3) does not apply to this action and, instead, the Court should look to the two-year statute of limitations applied to wrongful terminations or to the one-year statute governing actions under the Arizona Civil Rights Act.[2]

ERISA does not provide a limitations period for the type of claims made by the Plaintiffs. In order to determine which limitations period to apply, the Court must determine: (1) whether the same limitations period should apply to all claims arising under the federal statute; (2) whether to look to federal or state law for an appropriate analogous statute of limitations; and (3) which statute of limitations from the appropriate body of law provides the closest analogy to the cause of action at issue. *Gladich v. Navistar Inter. Transp. Corp.*, 703 F.Supp. 1331, 1332 (N.D.Ill.1989) *citing, Agency Holding Corp. v. Malley–Duff & Associates*, 483 U.S. 143, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987).

The Court finds that all similar types of claims should be governed by the same statute of limitations in order to ensure consistency. There is no reason to apply a different statute of limitations for claims which are based on similar facts simply due to the manner in which the claims are pled. *Gladich*, 703 F.Supp. at 1332.

State, rather than Federal, law should be analyzed to determine the most analogous limitations period. Federal law supplies few analogous statutes which would authorize the use of a limitations period. *Agency Holding*, 483 U.S. at 146–47, 107 S.Ct. at 2761–62. The Court found none sufficiently analogous.

The Arizona Courts have not ruled on which statute of limitations applies to actions similar to that presently before the Court.[3] Therefore, all of Arizona's statutes of repose must be evaluated to select the most analogous limitations period for the claims made in this matter. *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975); *Kuntz v. Reese*, 760 F.2d 926, 936 (9th Cir.1985), *cert. den.* 479 U.S. 916, 107 S.Ct. 318, 93 L.Ed.2d 291 (1986).

Arizona has numerous limitations period—most of which are entirely inapplicable to this action. There are, however, several statutes which could act as an analogous statute of limitations for purposes of this action. *Ariz.Rev.Stat.Ann.* ("A.R.S.") § 12–541(3) provides a one year limitation upon a liability created by statute, other than a penalty or forfeiture. The limitations period for injuries to a person or property or for conversion of property is two years after accrual. A.R.S. § 12–542. Contract actions, not evidenced by a written document, must be commenced within three years after the cause of action accrues. A.R.S. § 12–543. Contract actions evidenced by a writing must be commenced within six years after the cause of action accrues. A.R.S. § 12–548. Each of these statutes could, arguably, provide the analogous limitation period, however, the Court is required to find the "most analogous". *Wilson v. Garcia*, 471 U.S. 261, 268, 105 S.Ct. 1938, 1942, 85 L.Ed.2d 254 (1985).

The *Wilson* court held that actions arising under the Federal Civil Rights Act, 42 U.S.C. § 1983, should uniformly be governed by the state statute of limitations that applies to personal injury claims. The Plaintiffs in this action request that the Court apply the Arizona statute for this type of claim—a two year period. The

---

**2.** The one-year statute of limitations under the Arizona Civil Rights Act requires the filing of a lawsuit within one year after a discrimination charge is filed with the administrative body. *See Ariz. Rev.Stat.Ann.* § 41–1481(D). Felton filed his discrimination charge on January 7, 1987.

**3.** The Arizona Court of Appeals recently decided the case of *Elgin v. Great–West Life Assurance Co.*, 163 Ariz. 176, 786 P.2d 1027 (App.1989). In *Elgin*, the Court was faced with the issue of deciding whether the *Pilot Life* case was to be given retroactive effect. The Arizona Court of Appeals made a passing reference to the statute of limitations governing the action and made an assumption that a six-year limitations period may apply to the facts of that case, however, the limitations language is pure dicta and no discussion was made on this issue. The Court declines to follow the *Elgin* assumption that A.R.S. § 12–548 may apply to the facts of the instant case.

Court declines to hold that this action constitutes a personal injury claim such that a two year limitations period should apply. This action constitutes an employment injury—an economic loss—and is clearly distinguishable from a personal injury matter. *Gladich,* 703 F.Supp. at 1333. The Court also declines to find that the action is most analogous to a claim under 42 U.S.C. § 1981, as found in *Goodman v. Lukens Steel Co.,* 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987), which would require the use of Arizona's two-year personal injury limitations period. *Gladich,* 703 F.Supp. at 1333.

The Court has reviewed numerous statutes in other jurisdictions to determine how Courts have decided similar claims. Arizona does not have a general "catchall" limitations statute which was cited in *Gladich,* nor does it have a statute which provides a limitation period for the recovery of wages. *See Clark v. Coats & Clark, Inc.,* 865 F.2d 1237, 1241–42 (11th Cir.1989) (Georgia's two year limitations period applies for actions seeking recovery of wages —O.C.G.A. 9–3–22); *Corkery v. SuperX Drugs Corp.,* 602 F.Supp. 42, 45 (M.D.Fla. 1985) (Florida's employer/employee cases governed by two year statute of limitations to recover wages or overtime or for penalties concerning wages and overtime. Fla. Stat. 95.11(4)(c)).

Georgia's statute, discussed in *Clark v. Coats & Clark, supra,* provides a two year limitations period for the recovery of wages, overtime and damages. The statute also details a 20 year limitations period for "all actions for the enforcement of rights accruing to individuals under statutes or acts of incorporation or by operation of law." O.C.G.A. 9–3–22 (1982). The Illinois statute, discussed in *Gladich v. Navistar,* 703 F.Supp. at 1332–34, provides a 5–year limitation period, for *inter alia,* "all civil actions not otherwise provided for." Ill.Rev.Stat. Ch. 110, § 13–205 (1984). However, Illinois does not have a statute which addresses a liability imposed by statute.

For the *Gladich, Clark* and *Corkery* cases, the Courts determined the most

analogous limitations period without resort to the personal injury limitations period. Each Court found that the claims under ERISA sounded in economic loss and not personal injury. This Court also finds that the claims stated by the Feltons are not personal injury, but rather an economic loss and the most analogous statute of limitations is found in *Ariz.Rev.Stat.Ann.* 12–541(3).

As further support for the use of this statute, A.R.S. 12–541, contains limitation periods for other economic losses such as malicious prosecution, injuries to reputation or character, libel, slander and damages for seduction or the breach of promise of marriage. Accordingly, the Feltons' economic loss claims, which fall exclusively under ERISA, are governed by a one-year statute of limitations.

The Feltons' cause of action began accruing on October 1, 1986—the date of Mr. Felton's termination. The Feltons were required to initiate this action no later than October 1, 1987. This suit was not filed until November 11, 1987 and, therefore, the action is time-barred.

Consistent with the above,

IT IS ORDERED:

1. Defendants' Motion for Summary Judgment is Granted.

2. The Defendants' counsel shall promptly lodge a form of Judgment consistent with the foregoing.