Don W. FELTON; Linda Felton, husband and wife, Plaintiffs–Appellants,

v.

The UNISOURCE CORPORATION; Paper Corporation of America, a Delaware corporation; ALCO Standard Corporation, an Ohio corporation, Defendants–Appellees.

No. 90–15693.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 12, 1991.

Decided July 31, 1991.

---

Keith B. Forsyth, Cruse, Firetag & Bock, Phoenix, Ariz., for plaintiffs-appellants.

Tibor Nagy, Jr., and Gerard Morales, Snell & Wilmer, Phoenix, Ariz., for defendants-appellees.

Before HUG, POOLE and FERGUSON, Circuit Judges.

FERGUSON, Circuit Judge:

Plaintiffs-appellants Don and Linda Felton appeal the district court's grant of summary judgment for defendants-appellees Unisource, et al., based on its findings that (1) their state law claims are preempted by ERISA and (2) any claim under ERISA is barred by the statute of limitations. 739 F.Supp. 1388. We hold that the district court correctly found that the Feltons' state law claims were preempted by ERISA, but erred in its determination of the applicable statute of limitations.

## I.

Don Felton was terminated by Unisource in October 1986, after over eight years of employment. Prior to his discharge, he was a systems and procedure manager for Unisource, a company in the business of selling paper products. After developing lung cancer, Felton took a medical leave of absence for surgery in March 1986. Unisource, which is self-insured, paid approximately $39,000.00 for his surgery and related lung cancer treatment. Felton returned to work on May 1, 1986. About five months later, he was terminated. The Feltons contend that Unisource fired Don Felton in order to avoid paying him medical insurance benefits after he contracted lung cancer.

On November 18, 1986, and January 7, 1987, Felton filed two claims with the Arizona Civil Rights Division ("ACRD") of the State Attorney General, alleging age and handicap discrimination under the Arizona Civil Rights Act ("ACRA"), A.R.S. § 41–1461, *et seq.* On November 10, 1987, Don and Linda Felton filed suit against

Unisource in state court alleging breach of employment contract, wrongful termination against public policy and violation of the ACRA.[1]

On October 16, 1988, the ACRD issued its Findings of Fact and Conclusions of Law regarding Felton's claims under the ACRA.[2] It concluded that Unisource had discriminated against Don Felton based on a handicap, lung cancer. The ACRD found that Felton had established a prima facie case of discrimination by alleging that (1) he was a member of a protected class, (2) his employment was terminated due to his handicap and age, and (3) Unisource was motivated to terminate him due to concern that it might be liable for further medical benefits and early retirement pay.

Although Unisource alleged a legitimate business reason for the termination, i.e., that the layoff was part of a work-force reduction, the ACRD found that Felton had shown that Unisource's explanation was merely a pretext for handicap discrimination. The ACRD found that the evidence and testimony presented on behalf of Unisource "was inconsistent, contradictory and lacked credence." It concluded that there was "reasonable cause" to believe that Felton had been terminated due to Unisource's desire to avoid future health insurance payments relating to his lung cancer. The ACRD invited Unisource to enter into settlement negotiations.

On November 30, 1988, Unisource petitioned for removal of the Feltons' state court action to federal court, alleging that the claims were preempted by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001–1461.[3] Removal was granted.[4] The Feltons' subsequent motion to have the case remanded was

denied. On November 7, 1989, Unisource filed a motion for summary judgment contending that the Feltons' claims were barred by the statute of limitations. The district court granted this motion in January 1990, concluding that ERISA preempted the state law claims, that a one-year statute of limitations applied to the ERISA claim, and, therefore, the action was barred by the statute of limitations.[5] The Feltons timely appealed.

## II.

A threshold issue is whether the district court had subject matter jurisdiction over the Feltons' complaint. Removal of a case from state to federal court is a question of federal subject matter jurisdiction which is reviewed *de novo*. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 (9th Cir.1988); *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393 (9th Cir. 1988). This court may raise the question sua sponte. *Galvez v. Kuhn*, 933 F.2d 773, 775 n. 4 (9th Cir.1991). The general rule governing removal of actions from the state court to federal court is that for a district court to have federal question removal jurisdiction, a federal cause of action must appear on the face of the complaint. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987); *Ethridge*, 861 F.2d at 1394. This well-pleaded complaint rule allows the plaintiff to "avoid removal simply by relying exclusively on [a] state law claim," when both state and federal grounds exist. *Ethridge*, 861 F.2d at 1395 (citation omitted).

Therefore, because it is a defense and does not appear on the face of a com-

---

1. The ACRA provides that an employee must file a claim with the ACRD within 180 days of the alleged wrongful employment practice. A.R.S. § 41–1481(A). If the ACRD has not acted on the claim within 90 days, it shall notify the complaining employee who will have no more than a year from the date of the claim to institute a civil action in state court. A.R.S. § 41–1481(D).

2. Because the Feltons' filed the ACRD's Findings of Fact and Conclusions of Law as an exhibit in the district court, its findings and conclusions are part of our record on appeal.

3. Section 502(e) of ERISA provides that the federal courts shall have exclusive jurisdiction over almost all actions brought under the Act. 29 U.S.C. § 1132(e).

4. Prior to removal, the state court dismissed the Feltons' breach of contract claim.

5. Don Felton was discharged on October 1, 1986. He filed his complaint in state court on November 10, 1987.

plaint, generally federal preemption will not support removal from state to federal court. *Metropolitan Life*, 481 U.S. at 63, 107 S.Ct. at 1546.

> Thus, it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.

*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393, 107 S.Ct. 2425, 2430, 96 L.Ed.2d 318 (1987) (emphasis in original) (citation omitted). However, the Court has also explained that, "[o]ne corollary of the well-pleaded complaint rule ... is that Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life*, 481 U.S. at 63–64, 107 S.Ct. at 1546. "Jurisdictional and preemption questions are thus tightly intertwined." *Galvez*, 933 F.2d at 776.

In *Metropolitan Life*, the plaintiff's complaint alleged only state common law causes of action which were completely preempted by ERISA. *Id.*, 481 U.S. at 64, 107 S.Ct. at 1546. The Court noted that ERISA preemption, without more, does not automatically allow for removal to federal court. *Id.* However, after examining the legislative history of the ERISA civil enforcement provisions, the Court held that "Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provision of § 502(a) removable to federal court." *Id.* at 66, 107 S.Ct. at 1548.

■ Here, the Feltons' complaint alleged both a state common law wrongful termination claim and a claim of handicap discrimination under ACRA. The complaint contained no factual allegations regarding why the termination was wrongful, simply that it was against public policy and violated the ACRA. Hence, the complaint did not state an ERISA claim on its face.

■ The Feltons moved to remand the action for lack of removal jurisdiction. The motion was denied. They did not seek an interlocutory appeal following the denial of the motion to remand. By failing to do so, the Feltons have failed to preserve their objection to the removal. *See Sorosky v. Burroughs Corp.*, 826 F.2d 794, 799 (9th Cir.1987). This case having proceeded to summary judgment on the merits, the jurisdictional inquiry becomes whether the district court would have had jurisdiction had the case originally been filed in the federal court. *Id.* at 798; *Grubbs v. General Electric Credit Corp.*, 405 U.S. 699, 702, 92 S.Ct. 1344, 1347, 31 L.Ed.2d 612 (1972).

■ At Don Felton's deposition, he stated that the claims arose out of Unisource's desire to avoid medical insurance payments to him. The Feltons have not offered any other theories in support of their claims. At the summary judgment stage of the proceeding, it is appropriate to take into consideration Don Felton's deposition testimony, which makes it clear that the basis for the claims in the complaint is that Unisource discharged Felton because it desired to avoid medical insurance payments to him. We then look to see if the action, as thus interpreted, is completely preempted.

■ The Feltons' claims are completely preempted by ERISA because their federal cause of action arises under either § 502(a)(1)(B) or § 502(a)(3). *See* 29 U.S.C. §§ 1132(a)(1)(B); 1132(a)(3). These sections are the same as those considered by the Supreme Court in *Metropolitan Life* and authorize civil actions brought to enforce a plaintiff's rights as set forth in other sections of the Act.[6] While the Feltons' com-

---

**6.** Section 1132(a)(1)(B) provides that an insurance plan participant may bring an action:
  to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan; ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

Section 502(a)(3) authorizes an individual to institute a civil action:
(A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan ...

plaint did not state a cause of action under ERISA on its face, Don Felton's deposition testimony explained the factual basis for the complaint and made it apparent that the action falls into the complete preemption area of ERISA under the *Metropolitan Life* analysis. Thus, the action could originally have been brought in federal court. The federal district court thus had jurisdiction under the analysis of *Grubbs*.

### III.

We review *de novo* whether a state law claim is preempted by federal law. *Operating Engineers Pension Trust v. Wilson*, 915 F.2d 535, 537 (9th Cir.1990). A grant of summary judgment is reviewed *de novo* as well. *Kruso v. International Telephone & Telegraph Corp.*, 872 F.2d 1416, 1421 (9th Cir.1989), *cert. denied,* — U.S. ——, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990). In addition, a ruling on the appropriate statute of limitations is a question of federal law which requires *de novo* review. *In re Hawaii Federal Asbestos Cases*, 871 F.2d 891, 893 (9th Cir.1989).

### IV.

The district court found that the Feltons' claims against Unisource were based on their allegation that Unisource fired Don Felton to avoid paying medical insurance benefits, and, as such, were preempted by § 510 of ERISA, 29 U.S.C. § 1140.[7] On appeal, the Feltons claim that the district court erred in preempting their state law claims of wrongful termination and violation of the state's civil rights act. They contend that the Supreme Court's opinion in *Fort Halifax Packing Co., Inc. v. Coyne*, 482 U.S. 1, 107 S.Ct. 2211, 96 L.Ed.2d 1 (1987), provides an exception to the otherwise broad preemption of ERISA and is applicable here. We conclude that

the Feltons have misread the Supreme Court's opinions relating to ERISA preemption, and affirm the district court's preemption finding.

When it enacted the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001–1461, Congress included a broad preemption provision. ERISA § 514(a), 29 U.S.C. § 1144(a). The act states that, with limited exceptions, ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in [section 4(a) of ERISA] and not [otherwise] exempt." *Id.* It is well-settled in this circuit that a wrongful termination claim based on the theory that the employer intended to avoid pension or insurance payments is preempted by ERISA. *See Nishimoto v. Federman–Bachrach & Assoc.*, 903 F.2d 709 (9th Cir.1990) (plaintiff's claim that she was terminated by employer to prevent her from acquiring a vested interest in a retirement plan was preempted by ERISA) and *Sorosky v. Burroughs Corp.*, 826 F.2d 794 (9th Cir.1987) (wrongful termination claim based on theory that employer wanted to avoid paying retirement benefits was preempted by ERISA).

Any remaining doubts regarding ERISA preemption of wrongful termination claims were resolved recently by the Supreme Court. In *Ingersoll–Rand Co. v. McClendon*, — U.S. ——, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990), the plaintiff McClendon brought suit against his former employer Ingersoll–Rand in state court alleging wrongful termination based on the employer's desire to avoid making contributions to his pension fund.[8] *Id.* 111 S.Ct. at 481. The company had asserted that McClendon's termination was simply part of a workforce reduction. *Id.* The case was not removed to federal court. On appeal, the Texas Supreme Court held that when a

---

ERISA § 502(a)(3); 29 U.S.C. § 1132(a)(3).

**7.** "ERISA applies only to benefit plans offered by employers engaged in interstate commerce." *Settles v. Golden Rule Insurance Co.*, 927 F.2d 505, 507 (10th Cir.1991) (citing 29 U.S.C. § 1003(a)(1)). The parties here do not dispute that Unisource's health insurance plan is covered by ERISA.

**8.** The Court noted that it granted certiorari in this case to resolve a conflict between state and federal courts and cited with approval this court's holding in *Sorosky v. Burroughs Corp.*, 826 F.2d 794 (9th Cir.1987). *Ingersoll–Rand Co. v. McClendon*, 111 S.Ct. at 481.

plaintiff demonstrates that the motivation for her termination was her employer's attempt to avoid pension plan contributions, she states a common law wrongful termination claim and ERISA does not apply. *Id.*

The United States Supreme Court reversed, concluding that McClendon's common-law wrongful termination action was clearly preempted by ERISA, both explicitly and implicitly. *Id.* at 482. First, the Court found that the wrongful termination action was expressly preempted by ERISA's preemption section, § 514(a), 29 U.S.C. § 1144(a). It noted that under the broad language of § 514(a), "a state law may 'relate to' a benefit plan, and thereby be preempted, even if the law is not specifically designed to affect such plans, or the effect is only indirect." *Id.* at 483 (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987) and *Alessi v. Raybestos–Manhattan, Inc.*, 451 U.S. 504, 525, 101 S.Ct. 1895, 1907, 68 L.Ed.2d 402 (1981)).

The Court did note that it had recognized exceptions to ERISA's broad preemption in the past, citing its decision in *Fort Halifax*. *Id.* However, it found that the distinction it made in *Fort Halifax* between benefit plans and state-mandated benefits was not applicable to a wrongful termination claim.[9] *Id.*

> Here, the existence of a pension plan is a critical factor in establishing liability under the State's wrongful discharge law. As a result, this cause of action relates not merely to pension benefits, but to the essence of the pension *plan* itself.

*Id.* (emphasis in original). The Court then went on to explain that because the state wrongful termination cause of action is premised on the existence of a pension plan covered by ERISA, it "relates to" an ERISA plan and is preempted. *Id.*

The Court also found that the plaintiff's wrongful termination claim was implicitly preempted by ERISA because "it conflicts directly with an ERISA cause of action." *Id.* 111 S.Ct. at 484–85. Specifically, the plaintiff's wrongful discharge claim attempted to redress the same acts prohibited by § 510 of ERISA, 29 U.S.C. § 1140. This section states:

> It shall be unlawful for any person to *discharge*, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan, ... or *for the purpose of interfering with the attainment of any right to which such participant may become entitled* under the plan....

ERISA § 510, 29 U.S.C. § 1140 (emphasis added). Finally, the Court held "that ' "[w]hen it is clear or may fairly be assumed that the activities which a State purports to regulate are protected" ' by § 510 of ERISA, ' "due regard for the federal enactment requires that state jurisdiction must yield." ' " *Ingersoll–Rand*, 111 S.Ct. at 486 (quoting *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 409 n. 8, 108 S.Ct. 1877, 1883 n. 8, 100 L.Ed.2d 410 (1988)). Applying *Ingersoll–Rand* here, we find that the Feltons' wrongful termination claim is preempted by ERISA.

The Feltons assert that, even if the wrongful termination claim is preempted, their second claim should not be preempted because ACRA prohibits handicap discrimination, which is not covered by ERISA. However, like the wrongful discharge claim, the discrimination claim "relates to" Unisource's health insurance plan and must be preempted by ERISA. The discrimination claim is based on the existence of Unisource's insurance plan and, thus, must

---

**9.** In *Fort Halifax*, the Supreme Court held that a state law, which required companies to pay their employees a one-time severance payment upon the closing of a plant, was not preempted by ERISA. *Fort Halifax*, 482 U.S. 1, 107 S.Ct. 2211, 96 L.Ed.2d 1. It looked at the congressional purpose behind ERISA and found that preemption was intended to free employers from the administrative burden of trying to

comply with differing plan requirements in different states. *Id.* at 11, 107 S.Ct. at 2218–19. It noted that the law in question here did not create an administrative burden for the employers or require the employer to set up an additional benefit plan, and held the law was not preempted by ERISA. *Id.* at 13–14, 107 S.Ct. at 2217.

also yield to federal preemption. This is not to say that the ACRA is completely preempted by ERISA. ERISA does not prohibit discrimination based on age or handicap, and all employment discrimination claims are not preempted by ERISA. *Sorosky*, 826 F.2d at 800. This court has held that preemption does not occur if the loss of benefits was an incidental result of a wrongful termination. *Nishimoto* at 713 n. 7. However, when the plaintiff contends that the motivating factor behind her termination was the defendant's attempt to evade benefit payments, preemption is clear. *See id.* at 713; *Sorosky*, 826 F.2d at 800. In both their claims, the facts alleged by the Feltons constitute the elements of an ERISA § 510 claim of retaliatory discharge: " '(1) an employee participates in a statutorily protected activity, [i.e., the use of health insurance benefits] (2) an adverse employment action is taken against him or her, and (3) a causal connection existed between the two.' " *Kimbro v. Atlantic Richfield Co.*, 889 F.2d 869, 881 (9th Cir. 1989) (quoting *McKinney v. Dole*, 765 F.2d 1129, 1143 (D.C.Cir.1985)), *cert. denied*, —— U.S. ——, 111 S.Ct. 53, 112 L.Ed.2d 28 (1990).

▮ Only when the Arizona Civil Rights Act is used to remedy exactly the type of illegal activity proscribed by § 510 of ERISA, 29 U.S.C. § 1140, will it be preempted. Because the Feltons' state suit sought to redress precisely the type of harm prohibited by § 510 of ERISA, the district court properly found their claims to be preempted.

### V.

Because the civil enforcement section of ERISA, § 502, 29 U.S.C. § 1132, does not provide its own statute of limitations,[10] courts must determine the applicable limitation period. Here the district court looked to Arizona law for the most analogous statute of limitations. It concluded that the one-year statute of limitations set forth in A.R.S. § 12–541(3) applied and, therefore, the Feltons' suit was barred. This statute provides a one-year limitation on rights created by statute, "other than a penalty or forfeiture," as well as on malicious prosecution, libel and seduction actions. A.R.S. § 12–541. The Feltons contend that the district court failed to choose the "most analogous" statute of limitations, and that under another statute, their claim would be timely.

▮ When determining the correct limitation statute, we are bound by the Supreme Court's "admonition that analogous state statutes of limitations are to be used unless they frustrate or significantly interfere with federal policies." *Reed v. United Transportation Union*, 488 U.S. 319, 327, 109 S.Ct. 621, 627, 102 L.Ed.2d 665 (1989). Therefore, we must look to Arizona law for the "most analogous" statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 268, 105 S.Ct. 1938, 1942, 85 L.Ed.2d 254 (1985). The first step towards determining what limitations period should apply is to characterize the federal claim in state law terms. *Gavalik v. Continental Can Co.*, 812 F.2d 834, 843 (3rd Cir.) (citing *Wilson v. Garcia*, 471 U.S. at 266–68 & n. 12, 105 S.Ct. at 1941–43 & n. 12), *cert. denied*, 484 U.S. 979, 108 S.Ct. 495, 98 L.Ed.2d 492 (1987). We must determine the "essence" of the federal statutory claim to guide our selection of an analogous state law cause of action.[11] *Wilson*, 471 U.S. at 268, 105 S.Ct. at 1942.

---

**10.** ERISA does include two limitation periods, neither of which apply to an action to enforce § 510. Section 413 of ERISA, 29 U.S.C. § 1113, provides a limitations period for actions alleging a breach of fiduciary duty under ERISA. Section 4301, 29 U.S.C. § 1451, sets a limitation period for actions brought under multiemployer plans. The limitation period for both of these sections is six or three years, depending on the measure of accrual used. 29 U.S.C. §§ 1113, 1451.

**11.** The Supreme Court has recognized a narrow exception to a court's obligation to look to state law for the appropriate statute of limitations when the federal statute does not provide one. *Reed,* 488 U.S. at 323–24, 109 S.Ct. at 624–25.

> We decline to borrow a state statute of limitations only "when a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, and when the federal policies at stake and the practicalities of litigation make that rule a significantly

In actions for violations of § 515 of ERISA, 29 U.S.C. § 1145, obligating employers to contribute to their employee benefit plans, we have held that the forum state's statute of limitations for breach of contract claims applies. *See Northern Cal. Retail Clerks Union v. Jumbo Markets, Inc.*, 906 F.2d 1371, 1372 (9th Cir. 1990); *Pierce County Hotel Employees v. Elks Lodge, B.P.O.E. No. 1450*, 827 F.2d 1324, 1328 (9th Cir.1987); *Hawaii Carpenters Trust Funds v. Waiola Carpenter Shop, Inc.*, 823 F.2d 289, 298 (9th Cir.1987); *Trustees for Alaska Laborers–Constr. Indus. Health & Sec. Fund v. Ferrell*, 812 F.2d 512, 517 (9th Cir.1987). *See, also*, Annotation, *Limitations of Actions Applicable to Action by Trustees of Employee Benefit Plan to Enforce Delinquent Employer Contributions Under ERISA (29 USCS 1132(a))*, 90 A.L.R.Fed. 374, 378 (state contract action limitations commonly applied to ERISA claims). In those cases, this court found that the six-year limitation period set forth in each of the state statute of limitations was "in accordance with Congress' intent to assure adequate funding of pension plans and to reduce procedural obstacles to recovery of benefits due." *Pierce County*, 827 F.2d at 1328 (citing *Hawaii Carpenters*, 823 F.2d at 298; *Ferrell*, 812 F.2d at 517).

▆▆ However, this court has not addressed the question of what statute of limitations applies to actions by employees against their employers to redress violations of § 510 of ERISA. The other circuit and district courts that have considered this issue have reached a variety of results. Some courts have found that a claim that the employee was fired so that the employer may avoid benefit payments is most akin to a state claim for employment discrimination and is governed by the state limitations period for discrimination claims. *See Held v. Manufacturers Hanover Leasing*

*Corp.*, 912 F.2d 1197, 1205 (10th Cir.1990) (employee's claim for injunctive relief under § 510 of ERISA is most analogous to an employment discrimination claim; but claim for benefits due is governed by limitation period for breach of contract actions); *Gavalik*, 812 F.2d at 843 (plaintiff's § 510 claims most analogous to employment discrimination claim and same limitations period should apply); *Young v. Martin Marietta Corp.*, 701 F.Supp. 567, 569 (E.D.La.1988) (same); *McLendon v. Continental Group Inc.*, 602 F.Supp. 1492, 1503–04 (D.N.J.1985) (same).

Reaching a different result, the Eighth Circuit has held that wrongful discharge actions under ERISA are governed by the state's contract statute of limitations. *Heideman v. PFL, Inc.*, 904 F.2d 1262, 1267 (8th Cir.1990), *cert. denied*, — U.S. —, 111 S.Ct. 676, 112 L.Ed.2d 668 (1991). And at least one district court has concluded that the statute of limitations for tort actions should apply to a § 510 retaliatory discharge action. *Giuffre v. Delta Air Lines, Inc.*, 746 F.Supp. 238, 241 (D.Mass. 1990). Other courts have reached the same conclusion as the district court here and applied the statute of limitations for liabilities created by statute. *See Clark v. Coats & Clark, Inc.*, 865 F.2d 1237, 1242 (11th Cir.1989) (§ 510 claims founded on contract, but statute of limitations for statutory rights and recovery of wages most analogous); *Cowden v. Montgomery Co. Soc. For Cancer Control*, 591 F.Supp. 740, 755 (S.D.Ohio 1984) (no analogy to state claim; ERISA is a statutory right). Finally, in *Gladich v. Navistar Inter. Transp. Corp.*, 703 F.Supp. 1331 (N.D.Ill.1989), the district court found that a § 510 claim was most analogous to a retaliatory discharge claim and, therefore, found that the residual statute of limitations governing such

---

more appropriate vehicle for interstitial lawmaking."
*Id.* at 324, 109 S.Ct. at 625 (quoting *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 172, 103 S.Ct. 2281, 2294, 76 L.Ed.2d 476 (1983)) (citations omitted). The federal government has a monetary, as well as a public policy, interest in ensuring that an employer

fulfills its obligation under ERISA. *Hawaii Carpenters Trust Funds v. Waiola Carpenter Shop, Inc.*, 823 F.2d 289, 298 (9th Cir.1987). Because this court finds that Arizona's two-year limitation period for wrongful termination claims applies here, the federal policy behind ERISA is satisfied. Therefore, we do not need to apply a federal statute of limitations.

state law claims also applied to ERISA actions. *Id.* at 1334.

As the district court did here, most courts have found that a claim under § 510 addresses an economic injury, not a personal one. *See, e.g., Gladich,* 703 F.Supp. at 1333. We do not find that the district court erred in this characterization. However, after finding that the injury complained of by the Feltons must be treated as an economic injury, the district court erred in analogizing this injury to that redressed by a statutory injury, malicious prosecution, or libel suit. The conclusion that an ERISA cause of action is most analogous to a statutory claim because ERISA is a statute reflects circular reasoning. Such reasoning sidesteps the Supreme Court's requirement that we look to state law causes of action to determine the appropriate limitation periods. In addition, malicious prosecution and libel suits have little resemblance to actions for lost benefits or wrongful termination.

We find persuasive the reasoning of those courts which have found that a claim brought under § 510 is essentially an assertion that the employee was discriminated against based on either his application for insurance benefits or his pension eligibility. *See, e.g., Gavalik,* 812 F.2d at 846–45; *McLendon,* 602 F.Supp. at 1503–04. However, a § 510 claim is distinct from one of racial discrimination, as reflected in the different possible remedies for each claim.[12] *Gladich,* 703 F.Supp. at 1333. In addition, the administrative remedy exhaustion requirement in the ACRA and other state civil rights laws would create confusion for potential ERISA plaintiffs. Therefore, state civil rights statutes, such as the ACRA, may not be sufficiently analogous to § 510 to fulfill the congressional purposes embodied in ERISA.

The Supreme Court has cautioned that "federal courts should [not] eschew use of state limitations periods anytime state law fails to provide a perfect analogy." *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 171, 103 S.Ct. 2281, 2294, 76 L.Ed.2d 476 (1983). Keeping in mind the federal policies behind ERISA, we hold that the most analogous state law claim would be wrongful termination against public policy or retaliatory discharge. In § 510 actions, the employer has fired or suspended the employee either to evade the public policies underlying ERISA or in retaliation for the employee's exercise of his right to insurance or retirement benefits. *See Gladich,* 703 F.Supp. at 1333. In addition, the remedies sought by wrongful termination plaintiffs, i.e., back pay, benefits due or reinstatement, are identical to those potentially available under § 502 of ERISA.

Therefore, in light of ERISA's goal of ensuring that employees are not penalized for exercising their rights under their health benefit plans, we hold that the Arizona statute of limitations for wrongful termination claims governs the Feltons' action. In Arizona, wrongful termination in violation of public policy actions are common-law claims. *See Wagner v. City of Globe,* 150 Ariz. 82, 88, 722 P.2d 250, 256 (1986) (wrongful termination includes employee discharged for exercising a legal right); *Wagenseller v. Scottsdale Memorial Hosp.,* 147 Ariz. 370, 378, 710 P.2d 1025, 1033 (1985) (adopting public policy exception to the at-will termination rule). The state supreme court has determined that these claims sound in tort, not contract. *Wagner,* 150 Ariz. at 88, 722 P.2d at 256.

The Arizona courts have not yet ruled on the applicable statute of limitations for wrongful termination suits. The Feltons assert that the two-year statute of limitations for personal injury claims found in A.R.S. § 12–542 should apply to wrongful termination claims. The district court accepted this contention and, absent any evidence to the contrary, we affirm its finding that wrongful termination claims in Arizona are governed by the two-year statute of limitations set forth in A.R.S. § 12–542.

---

**12.** For example, damages for emotional distress and punitive damages may be available in a racial discrimination suit. These types of damages are generally prohibited in ERISA suits. *See, e.g., Browning v. Grote Meat Co.,* 703 F.Supp. 790 (E.D.Mo.1988).

In support of this conclusion, we believe that adoption of a two-year limitation period is in accord with this court's holding that "[i]mposing too short a statute would interfere with the strong federal policy that underlies ERISA." *Hawaii Carpenters*, 823 F.2d at 298. This is particularly true in light of the three- and six-year limitation periods provided in other parts of ERISA. 29 U.S.C. §§ 1113, 1451. We, therefore, reverse the district court's summary judgment in favor of Unisource and remand for further proceedings applying a two-year statute of limitations.

## VI.

We AFFIRM the district court's determination that the Feltons' wrongful discharge and ACRA claims are preempted by ERISA. However, we REVERSE the district court's determination of the applicable statute of limitations and REMAND for proceedings in accord with the correct statute.