958 F.2d 380
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Brad WILKINSON, Plaintiff-Appellant,
v.
Sam LEWIS, Director, Arizona Department of Corrections;
Roger Crist, Warden; William Streit, Complex
Librarian, Carol Sulicki, Echo Unit
Librarian, Defendants-Appellees.
 No. 91-15519.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1992.*
Decided March 18, 1992.
 
 Appeal from the United States District Court for the District of Arizona, NO. CIV-90-759-TUC-WDB, William D. Browning, District Judge, Presiding.
 D.Ariz.
 AFFIRMED.
 Before: WISDOM,** BEEZER and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Brad Wilkinson appeals the district court's summary judgment dismissal of his civil rights action filed pursuant to 42 U.S.C. § 1983 (1988), alleging prison officials denied him meaningful access to the courts. He also argues the Tucson federal judges were biased against him. We have jurisdiction pursuant to 28 U.S.C. § 1291 (1988). Reviewing the grant of summary judgment de novo, Felton v. Unisource Corp., 940 F.2d 503, 508 (9th Cir.1991), we affirm.
 
 ARIZONA'S ANSWERING BRIEF ON APPEAL
 
 3
 Wilkinson appears to argue we must disregard the state's brief because it "submitt[ed] Questions and then Arguments to these Questions" without the state filing a cross-appeal. Wilkinson's argument is meritless. The Arizona officials are allowed to respond to Wilkinson's opening brief in such a manner. Fed.R.App.P. 28(b).
 
 JUDICIAL BIAS
 
 4
 After filing the complaint in this action, Wilkinson immediately sought to transfer venue to Phoenix and specifically sought to have the case assigned to a particular district judge who had ruled favorably on previous lawsuits filed by Wilkinson. The Arizona prison officials were never served with this motion, therefore they did not oppose it. The district court in Tucson granted the motion to transfer the case to Phoenix.
 
 
 5
 The prison officials thereafter moved to have the case reassigned to the Tucson Division of the district court. Although Wilkinson objected to the venue transfer, the Phoenix district judge granted Arizona's motion because the "plaintiff, defendants' counsel and the subject matter of this lawsuit are all located in Tucson, ... it would serve the interests of judicial economy to transfer this matter...." We review for an abuse of discretion the district court's decision to transfer the case to Tucson. See Central Valley Typographical Union No. 46 v. McClatchy Newspapers, 762 F.2d 741, 745 (9th Cir.1985).
 
 
 6
 Wilkinson summarily argues the Tucson federal judges were biased because prison staff stated they had the judges in their "pocket" and the court would therefore dismiss any case dealing with access to the courts. Beyond this assertion, Wilkinson does not credibly support his claim of bias. We are not persuaded by Wilkinson's conclusion that because his case was subsequently dismissed by a Tucson district judge, it follows that the judge was biased against him. Mere speculation of bias is insufficient to require transfer of the case to a different judge. See Keith v. Volpe, 858 F.2d 467, 476 (9th Cir.1988), cert. denied, Hawthorne v. Wright, 493 U.S. 813 (1989).
 
 
 7
 The district court's conclusion that judicial economy dictated the case be heard in Tucson is not clearly erroneous. Wilkinson failed to demonstrate actual bias of all Tucson federal judges. Therefore, the district court was not required to allow mere speculation to dictate the venue decision.
 
 SUMMARY JUDGMENT
 
 8
 Wilkinson alleges numerous errors in the district court's grant of the Arizona official's summary judgment motion. We have reviewed Wilkinson's contentions of error and find them meritless. Contrary to Wilkinson's assertions, the Echo Unit was not mandated by Wilkinson v. McDougall, CIV 81-1397-PHX-CAM(MS), to satisfy the "Muecke list" because the legal reference volumes listed in McDougall were only made applicable to the Central Unit Law Library in Florence, Arizona. An order was issued by prison authorities on June 25, 1990, applying the McDougall decision to all law libraries in the Arizona prison system. The Arizona prison system utilized the Muecke list as a guideline in establishing a constitutionally adequate law library.
 
 
 9
 We do not have before us the issue of whether the Muecke list is mandated by the Constitution. It may be that "adequate, effective, and meaningful" prisoner access to the courts, Bounds v. Smith, 430 U.S. 817, 822 (1977), can be effectuated by providing less than that specified in the Muecke list. This, however, we do not decide.
 
 
 10
 Wilkinson argues the state deprived him of meaningful access to the courts merely based on the standards enunciated in the Muecke list. We are convinced that by August 15, 1990, the Echo Unit had fully satisfied the Muecke list. Moreover, Wilkinson has failed to demonstrate that the library, regardless of compliance with the Muecke list, was Constitutionally inadequate. Bare allegations of missing volumes or inadequacies of softbound volumes as compared to hardbound volumes, especially in light of the state's extensive and complete inventory, do not establish a constitutional violation that will survive summary judgment. Wilkinson merely presented a "scintilla" of evidence supporting his allegations. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). We are convinced "a fair-minded jury could [not] return a verdict for the plaintiff on the evidence presented." Id.
 
 
 11
 Wilkinson argues the present appeal was filed primarily because his habeas corpus petition "was not being heard" in the federal magistrate's court. Wilkinson asserts the federal magistrate has refused to rule on the case, thereby indicating he lacked meaningful access to the courts. Without a more definitive causal relationship, a magistrate's delay in ruling on a separate case cannot be connected to constitutionally inadequate law library access.
 
 
 12
 The district court record sufficiently supports the conclusion that no genuine issues of material fact exist regarding the constitutional sufficiency of the Echo Unit of the Arizona State Prison in Tucson. Wilkinson suffered no injury because his constitutional claim was not established. See Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989). The district court was not required to rule on the relief requested by Wilkinson because no valid claim existed that need be redressed.
 
 
 13
 We affirm the dismissal of this action and supplement our analysis with the reasons stated by Judge William D. Browning in the Order granting summary judgment dated January 22, 1991.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Honorable John Minor Wisdom, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3