980 F.2d 737
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Oliver JEUNEHOMME, Plaintiff-Appellant,
v.
COUNTY OF LOS ANGELES, in the official capacity for Los
Angeles County Sheriffs Hollowell and Sgt. Kott in personal
capacities; Bell City Police Officer; City of Bell, in the
official capacity for Bell City Police Officers Hernandez,
Bruce and Sgt. Loder, Defendants-Appellees.
 No. 92-55189.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.*
Decided Dec. 1, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Oliver Jeunehomme appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action without prejudice under Fed.R.Civ.P. 4(j) for failure to timely serve the defendants. We have jurisdiction under 28 U.S.C. § 1291. We affirm as modified.
 
 
 3
 We affirm the district court's action on any ground finding support in the record. Salmeron v. United States, 724 F.2d 1357, 1364 (9th Cir.1983). A ruling on the appropriate statute of limitations is a question of law reviewed de novo. Felton v. Unisource Corp., 940 F.2d 503, 508 (9th Cir.1991).
 
 
 4
 The statute of limitations period for 42 U.S.C. 1983 actions is determined by state law. Wilson v. Garcia, 471 U.S. 261, 275 (1985). Section 1983 actions are to be characterized as personal injury actions for statute of limitations purposes and the state's general or residual personal injury statute of limitations applies. McDougal v. County of Imperial, 942 F.2d 668, 672 (9th Cir.1991); Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir.1986). In California, the applicable statute of limitations is Cal.Civ.Proc.Code § 340(3), which provides for a limitations period of one year from the date the cause of action accrues. McDougal, 942 F.2d at 672.
 
 
 5
 Here, Jeunehomme alleged in his complaint that the defendants conspired to violate his civil rights between April 1989, and February 28, 1990. Jeunehomme accompanied his complaint with a request to proceed in forma pauperis on May 7, 1990. On May 10, 1990, the district court denied Jeunehomme's request for IFP status. On September 25, 1990, Jeunehomme attempted to file a new complaint containing the same allegations against the same defendants and again sought to proceed in forma pauperis. On September 25, 1990, the district court again denied Jeunehomme's request to proceed in forma pauperis. On July 9, 1991, 17 months after the alleged incidents occurred, Jeunehomme paid the filing fee and filed another complaint against the same defendants containing the same allegations. The defendants were timely served with this complaint on October 15, 1991.
 
 
 6
 The alleged section 1983 violations occurred on February 28, 1990. Jeunehomme had one year from that date to file a complaint based on the alleged violations. See Cal.Civ.Proc.Code § 340(3). Jeunehomme's complaint was not considered formally filed until he paid the filing fee on July 9, 1991. Accordingly, his claims are barred by the statute of limitations. See id; McDougal, 942 F.2d at 674. We affirm the district court's order dismissing the action and remand with instructions to dismiss the action with prejudice.
 
 
 7
 AFFIRMED in part and REMANDED WITH INSTRUCTIONS.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3