12 F.3d 1108
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frank TERRAMORSE, IV, Plaintiff-Appellant,
v.
YELLOW FREIGHT SYSTEMS, INC., A Foreign Corporation,
Defendant-Appellee.
 No. 92-16067.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 2, 1993.*
Decided Nov. 18, 1993.
 
 Before: ALARCON, LEAVY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 We review the summary judgment de novo. Felton v. Unisource Corp., 940 F.2d 503, 508 (9th Cir.1991). Plaintiff asserted state claims arising out of a demotion which he claims was intended to reduce his pension entitlement. The district court correctly held that these claims were preempted by ERISA. Tingey v. Pixley-Richards West, Inc., 953 F.2d 1124, 1130-31 (9th Cir.1990). Plaintiff chose to stand on his state claims, rather than assert an ERISA claim, so the summary judgment denying relief on the preempted claims was correctly granted.
 
 
 3
 We assume without deciding that plaintiff's age discrimination claim under state law was not preempted by ERISA. See Sorosky v. Burroughs Corp., 826 F.2d 794, 800 (9th Cir.1987). The burden of proof was on plaintiff, and defendant's summary judgment motion put him to his proof. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248-49 (1986); Wang v. FMC Corp., 975 F.2d 1412, 1420 (9th Cir.1992). He offered no evidence of age discrimination in opposition to defendant's summary judgment. The allegations in his complaint were not enough to shift the burden of proof back to Yellow Freight. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Mai Systems Corp. v. Peak Computer, Inc., 991 F.2d 511, 518 (9th Cir.1993). Because he did not establish a genuine issue of material fact as to whether he had been discriminated against on account of age, the district court correctly granted the motion.
 
 
 4
 Plaintiff's brief claims error in the district court's denial of his Rule 60(b) motion for reconsideration. We lack jurisdiction to review that contention, because he filed no notice of appeal from the denial. TAAG Linhas Aereas de Angola v. Transamerica Airlines, Inc., 915 F.2d 1351, 1354 (9th Cir.1990).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3