**Lynell ALWIN, Plaintiff,**

v.

**SPRINT COMMUNICATIONS CO. LIMITED PARTNERSHIP, Defendant.**

**Civ. No. 4–94–658.**

United States District Court, D. Minnesota, Fourth Division.

Dec. 12, 1994.

---

Kevin William Landberg, Landberg Law Offices, Apple Valley, MN, for plaintiff.

David Alan Allgeyer, Sally J. Whiteside, Lindquist & Vennum, Minneapolis, MN, for defendant.

## ORDER

DOTY, District Judge.

Before the court is defendant's motion to dismiss. Based on a review of the file, record and proceedings herein, and for the reasons stated below, the court grants defendant's motion.

## BACKGROUND

Lynell Alwin ("Alwin") was employed by Sprint Communications Company ("Sprint") from February 17, 1992 to July 30, 1993. On October 19, 1992, Alwin took a leave of absence for treatment of glaucoma, and returned to work on April 19, 1993. Sprint terminated Alwin on July 30, 1993. Alwin alleges that at the time of her termination she was eligible for long-term disability coverage as she had been employed by Sprint for more than one year. Alwin contends that Sprint terminated her to avoid paying long-term disability benefits to her.

Alwin filed a complaint against Sprint on July 1, 1994, in state court. The complaint asserts a state law claim for violation of the Minnesota Human Rights Act ("MHRA"), Minn.Stat. § 363.01, *et seq.* On July 29, 1994, Sprint removed the action to federal court. The basis for removal was that Alwin's claim arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* Sprint moves for dismissal arguing that the state law claim asserted by Alwin is preempted by ERISA.

## DISCUSSION

The preemption clause of ERISA is conspicuous for its breadth. Section 514 of ERISA preempts all state law claims that "relate to" an employee benefit plan. 29 U.S.C. § 1144(a). ERISA preemption is not limited to laws which relate to specific ERISA provisions. *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 47–48, 107 S.Ct. 1549, 1552–53, 95 L.Ed.2d 39 (1987). Rather, "[a] law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983). Thus, a state law claim may "relate to" an employee benefit plan, and be preempted, "even though the state law was not designed to affect benefit plans and its effect on such plans is only incidental." *Kuhl v. Lincoln Natl. Health Plan, Inc.,* 999 F.2d 298, 302 (8th Cir.1993) (citing *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 139, 111 S.Ct. 478, 483, 112 L.Ed.2d 474 (1990)). Whether ERISA preempts a state law claim is a question of legislative intent. The Supreme Court has made clear that Congress intended ERISA's preemption clause to be construed broadly. *Ingersoll–Rand,* 498 U.S. at 138–39, 111 S.Ct. at 482–83.

In *Ingersoll–Rand,* the plaintiff was fired after having worked at the company for almost ten years. The company claimed the termination was due to a reduction in force. Plaintiff alleged that the company terminated him to avoid making contributions to his pension fund which would have vested in four months. The Supreme Court of Texas held that ERISA did not preempt plaintiff's claim. The United States Supreme Court reversed, holding that ERISA preempts state wrongful discharge actions premised on employer interference with attainment of rights or payment of benefits under employee benefit plans. The Court held that such a wrongful discharge claim is premised on the existence of a pension plan covered by ERISA. 498 U.S. at 139–40, 111 S.Ct. at 483. "As a result, this cause of action relates not merely to pension benefits, but to the essence of the pension plan itself." *Id.* at 140, 111 S.Ct. at 483. The Court concluded that state law claims which assert that an employer wrongfully terminated a plaintiff to avoid paying benefits under a pension fund "relate to" an employee benefit plan covered by ERISA and are preempted by § 514. *Id.*

In addition to finding express preemption under § 514, the Supreme Court concluded that the wrongful termination claim was implicitly preempted by ERISA because "it conflicts directly with an ERISA cause of action." *Id.* at 142, 111 S.Ct. at 484. Specifically, the wrongful discharge claim fell squarely within the ambit of § 510 of ERISA, which provides:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan ... or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan.

29 U.S.C. § 1140. The Court held that Congress intended section 502(a) to be the exclusive remedy for rights guaranteed by ERISA, including those provided by § 510. *Id.* at 144, 111 S.Ct. at 485–86 (quoting *Pilot*

*Life,* 481 U.S. at 54, 107 S.Ct. at 1556–57). The Court stated that "[w]hen it is clear or may fairly be assumed that the activities which a State purports to regulate are protected" by § 510 of ERISA, "due regard for the federal enactment requires that state jurisdiction must yield." *Id.* 498 U.S. at 145, 111 S.Ct. at 486 (quotation omitted). Because the state law wrongful discharge claim purported to provide a remedy for the violation of a right expressly guaranteed by § 510 and exclusively enforced by § 502(a), the Court held that the claim was impliedly preempted by section 502(a) of ERISA.

Relying on *Ingersoll–Rand,* Sprint asserts that Alwin's discrimination claim "relates to" an ERISA plan and is preempted by ERISA. Citing *Minnesota Mining & Manufacturing Co. v. State of Minnesota,* 289 N.W.2d 396, 401 (Minn.1979), Alwin responds that ERISA does not preempt the MHRA. The court agrees that ERISA does not completely preempt the MHRA and the various employment discrimination claims that may be asserted under the Act. However, when a plaintiff contends that the motivating factor behind her termination was the employer's attempt to avoid benefit payments, preemption is clear. *Ingersoll–Rand,* 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990); *Felton v. Unisource Corp.,* 940 F.2d 503 (9th Cir. 1991).

At oral argument, Alwin's counsel attempted to characterize her claim as a disability discrimination claim where the loss of benefits was merely an incidental result of a wrongful termination. The claim as pled does not fit that description. In the complaint, Alwin alleges that Sprint terminated her to avoid paying long-term disability benefits to her. The claim asserted by Alwin is based on the existence of Sprint's benefit plan and, thus, "relates to" an employee benefit plan covered by ERISA. In addition, Alwin's discrimination claim falls squarely within § 510 of ERISA. The factual basis for the complaint makes it apparent that Alwin's claim under the MHRA must yield to federal preemption.[1]

---

1. The court notes that its holding is limited to claims asserted under the MHRA which seek to remedy exactly the type of illegal activity proscribed by § 510 of ERISA.

## CONCLUSION

The state law claim asserted by Alwin under the MHRA is preempted as it "relates to" an employee benefit plan covered by ERISA and seeks to remedy precisely the type of harm prohibited by § 510 of ERISA. Accordingly, **IT IS HEREBY ORDERED** that defendant's motion to dismiss is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**