**Joe LE, Plaintiff,**

v.

**APPLIED BIOSYSTEMS,
et al., Defendants.**

**No. C–95–0660 DLJ.**

United States District Court,
N.D. California.

April 27, 1995.

Patrice L. Goldman, Rudy & Zieff, San Francisco, CA, for plaintiff.

John M. Skonberg, Littler, Mendelson, Fastiff, & Tichy, San Francisco, CA, for defendants.

## ORDER OF REMAND

JENSEN, District Judge.

On April 26, 1995, the Court heard arguments on plaintiff's motion for remand. Having considered the arguments of counsel, the applicable law, and the papers submitted, the Court hereby GRANTS plaintiff's motion.

## I. BACKGROUND

### A. *Procedural History*

Plaintiff Joe Le's Second Amended Complaint was filed on January 24, 1995. Defendants timely answered the complaint in San Mateo County Superior Court on February 24, 1995. Also on February 24, 1995, defendants removed the action to this Court, contending that the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* preempted plaintiff's fourth cause of action.

### B. *Factual Background*

After approximately seven years of employment with defendant Applied Biosystems, plaintiff's Joe Le's employment was terminated. Plaintiff says that defendants, including plaintiff's supervisor, defendant Bruce Alleman, claimed that plaintiff had played a computer game during work hours, in contravention of purported company policy. Despite plaintiff's denial of this allegation, he was fired. He was terminated just two days after he informed his employer that his daughter required a liver transplant operation and that, if no donor were found, plaintiff would be the donor. Plaintiff added that the procedure was an expensive one, and that, if he were the donor, he would require a two or three month leave of absence.

Plaintiff's complaint states causes of action for breach of implied-in-fact contract, breach of the covenant of good faith and fair dealing, race and national origin discrimination in vio-

lation of California law, disability discrimination in violation of California law, and wrongful termination in violation of California Government Code § 12945.2. Defendants removed the case on the grounds that plaintiff's fourth cause of action for state law disability discrimination is preempted by ERISA.

### C. *Applicable Law*

28 U.S.C. § 1447(c) requires the remand of a case if subject matter jurisdiction is lacking.

## II. DISCUSSION

### A. *Parties' Arguments*

Defendants assert that plaintiff's fourth cause of action for disability discrimination is, in reality, a claim arising under ERISA. ERISA prohibits discharge of employees to avoid payment of medical benefits. As part of his fourth cause of action, plaintiff claims that he was discharged so that his employer would not have to pay for his daughter's liver transplant. As such, defendant argues that ERISA preempts the fourth cause of action, and removal was proper.

■ Plaintiff concedes that, if no exception to preemption exists, his fourth cause of action would be preempted by ERISA. He argues, however, that the claim falls within a narrow exception to ERISA preemption. In *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983), the Supreme Court held that a state anti-discrimination law is not preempted by ERISA where the state law prohibits practices which are also unlawful under federal law. Plaintiff claims that the conduct alleged as part of his fourth cause of action—that he was terminated because defendants wished to avoid paying medical benefits to him, an individual perceived to have a disability, or to his daughter, a family member with a disability—is unlawful under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* and therefore not preempted by ERISA.

If the Court finds ERISA preemption, plaintiff seeks leave to allege an ERISA cause of action. Defendants do not object to plaintiff's being given leave to amend.

### B. *Analysis*

Plaintiff claims that he was terminated because his employer wished to avoid paying for his daughter's medical treatment. He claims that this is unlawful discrimination which is prohibited by both the California Fair Employment and Housing Act ("FEHA"), Gov't Code § 12940, and the ADA, 42 U.S.C. § 12101.

■ ERISA preempts state laws "insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA. 29 U.S.C. § 1144(a). If no exception to ERISA preemption exists, a claim of termination to avoid payment of benefits would be preempted. *Ingersoll–Rand Company v. McClendon*, 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990). An exception to preemption will be found, however, whenever preemption of the law would serve "to alter, amend, modify, invalidate, impair, or supersede any law of the United States . . . or any rule or regulation issued under any such law." 29 U.S.C. § 1144(d).

In *Shaw v. Delta Air Lines, Inc.*, 463 U.S. at 96, 103 S.Ct. at 2899 (1983), the Supreme Court held that a state anti-discrimination statute is preempted under ERISA only insofar as it prohibits practices otherwise lawful under federal law. If the state law prohibits conduct which is *unlawful* under federal law, then the state law is not preempted.

In *Shaw*, a New York state statute forbade discrimination in employee benefit plans on the basis of pregnancy and required employers to pay sick leave to employees unable to work because of pregnancy. The Supreme Court determined that the state statute did "relate to" an employee benefit plan within the meaning of 29 U.S.C. § 1144(a), but that an exception to preemption under 29 U.S.C. § 1144(d) saved the law from preemption. The Court reasoned that state anti-discrimination laws play a significant role in the enforcement of Title VII. In fact, state fair employment laws play such a pivotal role in the federal enforcement scheme by providing a means of enforcing Title VII's commands

that, were such laws to be preempted by ERISA, Title VII itself would be impaired and its goals frustrated. *Id.* at 102, 103 S.Ct. at 2902–03. Therefore, the Court found that it was not Congress' intent to preempt the application of federal statutes or their state counterparts. *Id.* at 104–05, 103 S.Ct. at 2903–04.[1]

Although *Shaw* dealt with a state statute that was parallel to Title VII, the same reasoning applies to a state statute that is parallel to the ADA. In *Bennett v. Hallmark Cards,* 1993 WL 327842, 1993 U.S.Dist. LEXIS 11689, 64 Empl.Prac.Dec. (CCH) P42,936, 2 A.D. Cases (BNA) 1133 (W.D.Mo.1993), the Court applied *Shaw* and held that because the ADA utilizes the same administrative procedures as Title VII and has similar goals and objectives, state laws which themselves prohibit practices unlawful under the ADA are not subject to preemption, as preemption would impair the enforcement of the ADA. *Bennett,* 2 A.D. Cases at 1140.

Parties agree that if plaintiff's fourth cause of action prohibits practices which are unlawful under the ADA, then the claim is not preempted by ERISA. The pivotal question, then, is whether or not plaintiff's allegation that he was fired to avoid payment of medical benefits for his daughter's liver transplant violates the ADA.

It appears that such conduct does violate the ADA. 42 U.S.C. § 12112(a) declares that

> no covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(b)(4) explains that the term "discriminate" includes

> excluding or otherwise denying equal jobs *or benefits* to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association.

The EEOC has amplified this prohibition in section 7.9 of its Technical Assistance Manual.[2] Section 7.9 notifies employers that the prohibitions of the ADA apply to the provision and administration of health insurance, as well as other benefit plans:

> This means that:
>
> . . . . .
>
> An employer cannot fire or refuse to hire an individual with a disability because the employer's current health insurance plan does not cover the individual's disability, or because the individual may increase the employer's future health care costs.
>
> An employer cannot fire or refuse to hire an individual (whether or not that individual has a disability) because the individual has a family member or dependent with a disability that is not covered by the employer's current health insurance plan, or that may increase the employer's future health care costs.

EEOC Technical Assistance Manual § 7.9.

The language of the ADA, coupled with the explanatory provisions of the EEOC Technical Assistance Manual, clearly prohibit terminating an individual with a disability (or an individual with a family member with a disability) so as to avoid paying the increased costs of the individual's medical benefits. Plaintiff alleges that this was the reason he was terminated. Taking plaintiff's allegation as true, it states a claim under the ADA. As such, plaintiff's fourth cause of action is not

---

1. The Supreme Court recognized that its interpretation of this exception to ERISA preemption might cause certain practical problems for agencies and courts. *Shaw,* 463 U.S. at 105, 103 S.Ct. at 2904. "Courts and state agencies, rather than considering whether employment practices are unlawful under a broad state law, will have to determine whether they are prohibited by Title VII." *Id.* Nonetheless, the Court made clear that the appropriate inquiry for this exception is whether the challenged conduct is illegal under federal law.

2. The Technical Assistance Manual has been issued by the EEOC to provide guidance to employers on the practical application of the legal requirements of the ADA. Although not binding on this Court, its interpretation of the ADA is instructive.

preempted by ERISA, and the Court must remand the case to state court.[3]

## III. CONCLUSION

■ Plaintiff's state law discrimination claim that he was fired to avoid paying benefits for his daughter's liver transplant is within the scope of ERISA. However, because the alleged conduct also violates another federal law—the ADA—an exception to preemption exists. As such, the claim is not preempted; no federal question is presented;[4] this Court does not have subject-matter jurisdiction; and the case must be remanded to state court.

The case is hereby remanded to the Superior Court of the State of California in and for the County of San Mateo. The Clerk of the Court shall mail a certified copy of this order to the clerk of the San Mateo County Superior Court. Parties shall bear their own costs incurred as a result of removal.

IT IS SO ORDERED.

---

**3.** Defendants correctly note that *Felton v. Unisource Corp.*, 940 F.2d 503 (9th Cir.1991) and other Ninth Circuit cases have found ERISA preemption where plaintiffs claimed that they were fired to avoid payment of medical benefits. In *Felton*, in fact, the court found that the plaintiff's state law handicap discrimination claim that he was fired because his employer did not want to pay his medical benefits after he contacted lung cancer was preempted by ERISA. In *Felton*, however, the plaintiff did not argue that there was an exception to ERISA preemption on the grounds that the state discrimination statute prohibited conduct that was also unlawful under federal law. Such an argument would not have been viable at the time *Felton* was litigated, as the ADA did not become effective until 1992.

*See* ADA, Pub.L. No. 101–336, 104 Stat. 327, § 108 (1990) (providing that the ADA would not become effective until two years after its enactment). Therefore, the Ninth Circuit did not address the question whether a *Shaw* exception to ERISA preemption existed on the facts presented.

**4.** Although plaintiff could state a claim of disability discrimination under federal as well as state law, plaintiff has chosen to rely solely on the state law claim. A plaintiff is the master of his lawsuit and can prevent removal by choosing not to pursue federal claims that are potentially available. Erwin Chemerinsky, *Federal Jurisdiction*, § 5.5 (1989).