54 F.3d 785
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Manuel A. LOPEZ, Plaintiff-Appellant,
v.
STATE COMPENSATION FUND; Jim Cooper; Jane Doe Cooper;
Virginia Zingg; John Doe Zingg, Defendants-Appellees.
 No. 94-17076.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 16, 1995.*
Decided May 22, 1995.
 
 Before: WALLACE, Chief Judge, HUG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Manuel A. Lopez appeals pro se the district court's dismissal with prejudice of his action alleging that defendants terminated him from his job in violation of federal and state law. A dismissal without leave to amend is usually reviewed de novo. Polich v. Burlington Northern, Inc., 942 F.2d 1467, 1472 (9th Cir. 1991). We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 Lopez contends that the district court erred by dismissing his action without leave to amend his complaint. This contention lacks merit.
 
 
 4
 The statute of limitations on actions brought under 42 U.S.C. Secs. 1983 and 1985 is governed by the applicable state statute of limitations for personal injury actions. See Wilson v. Garcia, 471 U.S. 261, 276 (1985) (section 1983 actions); McDougal v. County of Imperial, 942 F.2d 668, 673-73 (9th Cir. 1991) (section 1985(3) actions). In Arizona, the applicable state statute of limitations is two years. See Krug v. Imbordino, 896 F.2d 395, 397 (9th Cir. 1990). The statute of limitations for claims pursuant to Arizona state statutes, including employment discrimination laws, is one year. Ariz. Rev. Stat. Ann. Sec. 12-541. The statute of limitations for claims of tortious acts, including wrongful termination and tortious interference with contracts, is two years. Ariz. Rev. Stat. Ann. Sec. 12-542; see Felton v. Unisource Corp., 940 F.2d 503, 512 (9th Cir. 1991).
 
 
 5
 Here, Lopez filed his complaint on December 23, 1993, more than two years after his termination. Because Lopez's action was barred by the statute of limitations, it was clear that the complaint's deficiencies could not be cured by amendment. See Sands v. Lewis, 886 F.2d 1166, 1168 (9th Cir. 1989). The district court did not err by denying Lopez's motion to amend his complaint.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3